JACOB M. HARPER (State Bar No. 259463)
  jharper@dwt.com
HEATHER F. CANNER (State Bar No. 292837)
  heathercanner@dwt.com
DANIEL H. LEIGH (State Bar No. 310673)
  danielleigh@dwt.com
BRANDON M. STOFFERS (State Bar No. 334895)
  brandonstoffers@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone:    (213) 633-6800
Facsimile:    (213) 633-6899

*Attorneys for Defendant*
*Continental Mills, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CARLIE LYSKOSKI, KENDALL HILL, MICHELE TUCKER, and TAYLOR AMBROISNO, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>CONTINENTAL MILLS, INC.,<br><br>                    Defendant. | Case No. 5:25-cv-06291-NW<br><br>**DEFENDANT CONTINENTAL MILLS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND STRIKE ALLEGATIONS**<br><br>[*Request for Judicial Notice; Declaration of Jacob M. Harper; and [Proposed] Order Filed Concurrently*]<br><br>Assigned to the Hon. Noël Wise<br><br>Date:            November 5, 2025<br>Time:            9:00 a.m.<br>Courtroom:    3 |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

 **PLEASE TAKE NOTICE** that on November 5, 2025 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 3 of the above-captioned Court located at 280 South 1st Street, San Jose, California 95113, defendant Continental Mills, Inc. (Continental Mills) will and hereby does move the Court for an order dismissing or striking Plaintiffs Carlie Lyskoski, Kendall Hill, Michele Tucker, and Taylor Ambroisno's complaint with prejudice (or without leave to amend where appropriate).

 Continental Mills requests that the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismiss with prejudice Plaintiffs' claims that they were misled into purchasing Continental Mills's Cinnamon Swirl Crumb Cake & Muffin Mix in both regular and gluten-free varieties (the "Muffin Mix"), based on the Muffin Mix label allegedly misrepresenting that there are "No Artificial . . . Preservatives" when the Muffin Mix contains "Silicon Dioxide (anticaking agent)," on the independent bases that (1) Plaintiffs do not allege plausibly that the label would deceive reasonable consumers because Plaintiffs do not allege that the silicon dioxide in the Muffin Mix is artificial or a preservative and the back label discloses the presence of silicon dioxide in the Muffin Mix as an anticaking agent and (2) Plaintiffs do not adequately plead reliance on the label.   In the alternative, to the extent Plaintiffs' claims are not dismissed in their entirety, Continental Mills requests that the Court (1) dismiss without leave to amend pursuant to Rule 12(b)(2) Plaintiffs' New York General Business Law claims for lack of personal jurisdiction, (2) dismiss with prejudice Plaintiffs' breach of warranty claim pursuant to Rule 12(b)(6) for failing to identify which law governs that claim, (3) dismiss or strike with prejudice or without leave to amend the putative nationwide class claims pursuant to Rule 12(b)(1), 12(b)(6), or 12(f) because Plaintiffs may not bring claims under the laws of states in which they did not purchase Muffin Mix, and (4) dismiss or strike the prayer for punitive damages with

i

1   prejudice pursuant to Rule 12(b)(6) or 12(f) because Plaintiffs do not plead the prerequisites for

2   punitive damages.[1]

3         This Motion is made pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2),

4   12(b)(6) and 12(f).  This Motion is based upon this Notice, the attached Memorandum of Points

5   and Authorities, the concurrently-filed Request for Judicial Notice, the declaration of Jacob M.

6   Harper and the exhibits attached thereto, the pleadings and records on file, any further matters of

7   which this Court may take judicial notice, and upon such other and further matters as may be

8   presented before or at the hearing.

9

10

11   Dated:  August 29, 2025                     DAVIS WRIGHT TREMAINE LLP
     JACOB M. HARPER
12                                    HEATHER F. CANNER
     DANIEL H. LEIGH
13                                    BRANDON M. STOFFERS

14                       By: _/s/ *Jacob M. Harper*_____
15                         Jacob M. Harper

16                       *Attorneys for Defendant Continental Mills, Inc.*

17

18

19

20

21

22

23

24

25       [1] Continental Mills seeks to strike the words "Nationwide Class" in paragraph 114 of the
26   complaint and the following language from paragraph 74 of the complaint: "Nationwide Class
     All U.S. citizens who purchased the Products in their respective state of citizenship for personal
27   and household use and not for resale within the applicable statute of limitations and until the date
     class notice is disseminated."  Continental Mills also seeks to strike any claim for punitive
28   damages.

CONTINTENTAL MILLS'S MTD
No. 5:25-cv-06291-NW

## **TABLE OF CONTENTS**

I.      INTRODUCTION .......................................................................................... 1

II.     STATEMENT OF ISSUES TO BE DECIDED ......................................... 2

III.    FACTUAL AND PROCEDURAL BACKGROUND ................................ 3

IV.     LEGAL STANDARD ............................................................................... 4

        A.      Plaintiffs Must Plead Plausible, Specific Facts to Support Their Claims. .............. 4

        B.      All of Plaintiffs' Claims Require Plausible Allegations That the Muffin Mix's
                Label Deceives Reasonable Consumers. ................................................ 5

V.      THE COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE
        TO STATE A CLAIM. ............................................................................. 6

        A.      The Muffin Mix's Label Is Not Deceptive. ........................................... 6

                1.      Plaintiffs Do Not Allege That Silicon Dioxide Is a Preservative in the
                        Muffin Mix. ............................................................................. 7

                2.      Plaintiffs Do Not Allege That the Silicon Dioxide is Artificial. ............... 10

                3.      Reasonable Consumers Consider the Muffin Mix's Full Label. ............... 13

        B.      Plaintiffs Do Not Plead Reliance. ......................................................... 14

VI.     IF THE COMPLAINT SURVIVES (IT SHOULD NOT), THE COURT SHOULD
        LIMIT PLAINTIFFS' CLAIMS. ............................................................. 15

        A.      This Court Lacks Jurisdiction Over Plaintiffs' New York Claims. ..................... 15

        B.      The Court Should Dismiss Plaintiffs' Breach of Warranty Claim. ....................... 16

        C.      The Court Should Dismiss or Strike Plaintiffs' Nationwide Class Claim. ........... 17

        D.      The Court Should Dismiss or Strike Plaintiffs' Claims for Punitive Damages. ... 18

CONTINTENTAL MILLS'S MTD
No. 5:25-cv-06291-NW

iii

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## TABLE OF AUTHORITIES

**Cases**

*Action Embroidery Corp. v. Atl. Embroidery, Inc.*,
368 F.3d 1174 (9th Cir. 2004) .................................................................. 15

*Aloudi v. Intramedic Rsch. Grp., LLC*,
729 F. App'x 514 (9th Cir. 2017) ............................................................... 7

*Andrade-Heymsfield v. Danone US, Inc.*,
2019 WL 3817948 (S.D. Cal. Aug. 14, 2019) ..................................... 15, 16

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................................................................................... 4

*Augustine v. Talking Rain Beverage Co.*,
386 F. Supp. 3d 1317 (S.D. Cal. 2019) ..................................................... 17

*Ayat v. Societe Air Fr.*,
2007 WL 1100315 (N.D. Cal. Apr. 11, 2007) ........................................... 18

*Azoulai v. BMW of N. Am. LLC*,
2017 WL 1354781 (N.D. Cal. Apr. 13, 2017) ............................................. 5

*Barreto v. Westbrae Nat., Inc.*,
518 F. Supp. 3d 795 (S.D.N.Y. 2021) ....................................................... 11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................... 4

*Bodenburg v. Apple Inc.*,
— F.4th —, 2025 WL 2055748 (9th Cir. July 23, 2025) ............................. 5

*Bristol-Myers Squibb Co. v. Sup. Ct.*,
582 U.S. 255 (2017) .................................................................................. 16

*Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
637 F.3d 1047 (9th Cir. 2011) .................................................................... 5

*Carpenter v. PetSmart, Inc.*,
441 F. Supp. 3d 1028 (S.D. Cal. 2020) ..................................................... 17

*Chebul v. Tuft & Needle, LLC*,
2024 WL 5257021 (C.D. Cal. Oct. 9, 2024) .............................................. 18

*Cheslow v. Ghirardelli Chocolate Co.*,
445 F. Supp. 3d 8 (N.D. Cal. 2020) .......................................................... 13

*Corcoran v. CVS Health Corp.*,
169 F. Supp. 3d 970 (N.D. Cal. 2016) ...................................................... 15

*Cosgrove v. Or. Chai, Inc.*,
520 F. Supp. 3d 562 (S.D.N.Y. 2021) ....................................................... 11

*DeArmey v. Hawaiian Isles Kona Coffee Co.*,
2019 WL 6723413 (C.D. Cal. July 22, 2019) ............................................ 18

*Devey v. Big Lots, Inc.*,
635 F. Supp. 3d 205 (W.D.N.Y. 2022) ...................................................... 14

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
751 F.3d 990 (9th Cir. 2014) ................................................................. 7, 12

*Elias v. Hewlett-Packard Co.*,
903 F. Supp. 2d 843 (N.D. Cal. 2012) ...................................................... 14

*Figy v. Frito-Lay N. Am., Inc.*,
67 F. Supp. 3d 1075 (N.D. Cal. 2014) .................................................... 8, 9

*Garland v. The Kroger Co.*,
2025 WL 474914 (S.D. Cal. Feb. 12, 2025) .............................................. 13

CONTINENTAL MILLS'S MTD
No. 5:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Goldstein v. Gen. Motors LLC*,
   445 F. Supp. 3d 1000 (S.D. Cal. 2020) ................................................................ 16

*Gumner v. PepsiCo, Inc.*,
   2023 WL 9019040 (C.D. Cal. Aug. 3, 2023) ........................................................ 14

*Harris v. CVS Pharm., Inc.*,
   2015 WL 4694047 (C.D. Cal. Aug. 6, 2015) ........................................................ 18

*Hawkins v. Coca-Cola Co.*,
   654 F. Supp. 3d 290 (S.D.N.Y. 2023) ................................................................. 14

*Hu v. Herr Foods, Inc.*,
   251 F. Supp. 3d 813 (E.D. Pa. 2017) ............................................................... 8, 9

*In re Century Aluminum Co. Sec. Litig.*,
   729 F.3d 1104 (9th Cir. 2013) ............................................................................ 12

*In re Samsung Galaxy Smartphone Mktg. & Sales Pracs. Litig.*,
   2018 WL 1576457 (N.D. Cal. Mar. 30, 2018) .................................................... 16

*Indiviglio v. B&G Foods, Inc.*,
   2023 WL 9022866 (S.D.N.Y. Dec. 29, 2023) ...................................................... 9

*Jones v. Micron Tech. Inc.*,
   400 F. Supp. 3d 897 (N.D. Cal. 2019) ................................................................ 18

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ........................................................................ 5, 14

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) ................................................................................ 7

*King v. Navy Fed. Credit Union*,
   713 F. Supp. 3d 729 (C.D. Cal. 2024) ................................................................ 14

*La Barbera v. Olé Mexican Foods Inc.*,
   2023 WL 4162348 (C.D. Cal. May 18, 2023) ....................................................... 5

*LeGrand v. Abbott Labs.*,
   655 F. Supp. 3d 871 (N.D. Cal. 2023) ........................................................... 15, 16

*Manchouck v. Mondelēz Int'l Inc.*,
   2013 WL 5400285 (N.D. Cal. Sept. 26, 2013) ..................................................... 6

*Maxwell v. Unilever U.S., Inc.*,
   2018 WL 1536761 (N.D. Cal. Mar. 29, 2018) ..................................................... 5

*Mazur v. eBay Inc.*,
   2008 WL 618988 (N.D. Cal. Mar. 4, 2008) ....................................................... 15

*Mazza v. Am. Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012) .............................................................................. 17

*McGinity v. Procter & Gamble Co.*,
   69 F.4th 1093 (9th Cir. 2023) ......................................................................... 6, 13

*Miramontes v. Ralph Lauren Corp.*,
   2023 WL 3293424 (S.D.N.Y. May 5, 2023) ....................................................... 16

*Moore v. Trader Joe's Co.*,
   4 F.4th 874 (9th Cir. 2021) ......................................................................... 5, 6, 13

*Pelayo v. Conagra Brands, Inc.*,
   2024 WL 3544621 (N.D. Cal. May 2, 2024) ................................................... 8, 11

*Pelayo v. Nestle USA, Inc.*,
   989 F. Supp. 2d 973 (C.D. Cal. 2013) ........................................................... 6, 12

*Przybylak v. Bissell Better Life LLC*,
   2019 WL 8060076 (C.D. Cal. July 19, 2019) ..................................................... 17

v

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Ranza v. Nike, Inc.*,
   793 F.3d 1059 (9th Cir. 2015) ............................................................... 15, 16

*Robie v. Trader Joe's Co.*,
   2021 WL 2548960 (N.D. Cal. June 14, 2021) ............................................ 11

*Route v. Mead Johnson Nutrition Co.*,
   2013 WL 658251 (C.D. Cal. Feb. 21, 2013) .............................................. 17

*Rozier v. Dep't of Homeland Sec. Fed. Protective Serv.*,
   2022 WL 2199938 (C.D. Cal. Mar. 7, 2022) ............................................. 18

*Ryan v. Starco Brands, Inc.*,
   2024 WL 5102651 (N.D. Cal. Apr. 19, 2024) ........................................... 14

*Sateriale v. R.J. Reynolds Tobacco Co.*,
   697 F.3d 777 (9th Cir. 2012) ................................................................... 14

*Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*,
   2022 WL 20286688 (N.D. Cal. Feb. 24, 2022) ........................................... 5

*Svensrud v. Frito-Lay N. Am., Inc.*,
   2020 WL 8575056 (C.D. Cal. Dec. 21, 2020) .............................................. 8

*Tarzian v. Kraft Heinz Foods Co.*,
   2019 WL 5064732 (N.D. Ill. Oct. 9, 2019) .............................. 8, 10, 11, 12

*Trammell v. KLN Enters., Inc.*,
   2024 WL 1722243 (S.D. Cal. Apr. 22, 2024) ............................................ 8, 9

*Valencia v. Snapple Beverage Corp.*,
   2024 WL 1158476 (S.D.N.Y. Mar. 18, 2024) ........................................ *passim*

*Vineyard v. La Terra Fina USA, LLC*,
   2025 WL 958319 (S.D. Ill. Mar. 31, 2025) .............................................. 8, 11

*Vitort v. The Kroger Co.*,
   2023 WL 3143690 (9th Cir. Apr. 28, 2023) .............................................. 12

*West v. Rheem Mfg. Co.*,
   765 F. Supp. 3d 976 (C.D. Cal. 2025) ...................................................... 14

*Yamasaki v. Zicam LLC*,
   2021 WL 4951435 (N.D. Cal. Oct. 25, 2021) ........................................... 11

*Zuchowski v. SFC Glob. Supply Chain, Inc.*,
   2022 WL 3586716 (S.D.N.Y. Aug. 22, 2022) .......................................... 8, 9

**Statutes**

Cal. Bus. & Proc. Code §§ 17200 *et seq.* ........................................................ 4

Cal. Civ. Code §§ 1750 *et seq.* ....................................................................... 4

New York General Business Law §§ 349, 350 ................................................ 4, 5

**Rules**

Fed R. Civ. P.
   8(a) ........................................................................................................ 1
   9(b) ................................................................................................... 1, 4, 5
   12 ................................................................................................... *passim*

**Regulations**

21 C.F.R.
   § 101.22 ................................................................................................. 9
   § 170.3(o)(1) .......................................................................................... 9
   §§ 172.105–.190 ..................................................................................... 9
   §§ 172.410–.490 ..................................................................................... 9
   § 172.480(b)(1) ................................................................................... 3, 9

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.     INTRODUCTION

Plaintiffs Carlie Lyskoski, Kendall Hill, Michele Tucker, and Taylor Ambroisno claim defendant Continental Mills, Inc. deceived them because it marketed Krusteaz branded Cinnamon Swirl Crumb Cake & Muffin Mix (the Muffin Mix) as having "No Artificial . . . Preservatives." Conspicuously absent from their complaint? Any allegation that the Muffin Mix actually contains artificial preservatives.

In what sounds more like a conspiracy theory than a pleading, Plaintiffs instead speculate that, because one ingredient in the Muffin Mix's cinnamon topping—silicon dioxide, a common natural substance found in everything from plants to sand—is an anticaking agent and can sometimes be synthesized artificially, it *must* be true that the silicon dioxide in the cinnamon topping is an artificial preservative. But Plaintiffs never actually allege that the silicon dioxide *in the Muffin Mix* is artificial or a preservative, and Rules 8(a) and 9(b) preclude Plaintiffs from manufacturing claims via innuendo and speculation. Plaintiffs cannot base their claims on the fact that silicon dioxide is *sometimes* "artificial" and might extend the shelf life of *other* products that have nothing to do with the Muffin Mix. The inquiry should end there; Plaintiffs' complaint fails as a matter of law because they plead no plausible basis on which to claim that the "No Artificial . . . Preservatives" label deceives consumers. They cannot bridge the gap between reality and fiction with speculation.

The Court should not allow these frivolous claims to proceed for numerous reasons:

*First*, Plaintiffs fail to plead any plausible deception. Absent any allegations that the silicon dioxide in the Muffin Mix has an artificial provenance, or that it functions as a preservative in the Muffin Mix's cinnamon topping, their theory of deception collapses like a house of cards. If that weren't enough, the back label of the Muffin Mix fully discloses the presence of silicon dioxide and its use as an anticaking agent, and Ninth Circuit precedent requires reasonable consumers to look at the whole label where a front label is ambiguous.

CONTINTENTAL MILLS'S MTD
No. 5:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Second*, even if Plaintiffs had pled any plausible deception (they do not), they fail to allege a personal stake in their claims: that they actually relied on the supposedly deceptive label. The complaint omits facts sufficient to state how Plaintiffs understood the Muffin Mix's label or how that statement influenced their purchasing decisions.

And, *finally,* if the complaint survives at all (it should not), the Court should reject attorney-driven attempts to inflate the class size and damages in this case.  The Court should dismiss Plaintiffs' New York state law claims for lack of personal jurisdiction because there is no jurisdiction over a Washington company in California for claims arising from Muffin Mix purchases in New York.  The Court should dismiss Plaintiffs' nationwide-class express warranty claim because it does not specify what state's law the claim arises under.  The Court should dismiss or strike the putative nationwide class because Plaintiffs lack standing to bring claims under the laws of states in which they did not buy the Muffin Mix.  And the Court should dismiss or strike Plaintiffs' claims for punitive damages because Plaintiffs fail to plead malice, fraud, or oppression by any individual.

Continental Mills respectfully requests that the Court dismiss Plaintiffs' complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, dismiss their New York GBL claims without leave to amend pursuant to Rule 12(b)(2), dismiss their nationwide class claim without leave to amend pursuant to Rule 12(b)(1), and strike their nationwide class claim and claim for punitive damages pursuant to Rule 12(f).

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court should dismiss Plaintiffs' complaint with prejudice for failure to state a claim pursuant to Rule 12(b)(6) because Plaintiffs do not allege that the Muffin Mix's label would deceive reasonable consumers.  (Yes.)

2.    Whether the Court should dismiss Plaintiffs' complaint with prejudice for failure to state a claim pursuant to Rule 12(b)(6) because Plaintiffs do not allege that they actually relied on the Muffin Mix's label.  (Yes.)

CONTINTENTAL MILLS'S MTD
No. 5:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

3.      Whether the Court should dismiss Plaintiffs' New York state law claims without leave to amend pursuant to Rule 12(b)(2) because the Court lacks personal jurisdiction over Continental Mills for claims arising out of conduct in New York.  (Yes.)

4.      Whether the Court should dismiss with prejudice Plaintiffs' express warranty cause of action for failure to state a claim pursuant to Rule 12(b)(6) because Plaintiffs do not specify under which state's law it arises.  (Yes.)

5.      Whether the Court should dismiss or strike Plaintiffs' nationwide class claim, with prejudice or without leave to amend pursuant to Rule 12(b)(1), 12(b)(6), or 12(f) because Plaintiffs lack standing to bring claims under the laws of states in which they did not purchase the Muffin Mix and no nationwide class could ever be certified.  (Yes.)

6.      Whether the Court should dismiss or strike Plaintiffs' claims for punitive damages with prejudice pursuant to Rule 12(b)(6) or 12(f) because Plaintiffs fail to plead the necessary prerequisites for punitive damages.  (Yes.)

### III.      FACTUAL AND PROCEDURAL BACKGROUND

Silicon dioxide—also known as silica—is a common natural substance found in everything from plants, to sand, to quartz.  (Dkt. 1-1 (Compl.) ¶ 29; Request for Judicial Notice (RJN) Ex. A at 3.)  Food-grade silica can be created chemically, or it can be made, for example, by processing naturally occurring sand.  (Compl. ¶ 36; RJN Ex. A at 3.)

The Muffin Mix's cinnamon topping, which is primarily composed of sugar, salt, and cinnamon, uses silicon dioxide as an anticaking agent, and the Muffin Mix's back label fully discloses both the presence of silicon dioxide and its anticaking function.  (Compl. ¶¶ 4, 5.)  Consistent with its use in the Muffin Mix, Food and Drug Administration (FDA) regulations allow silicon dioxide to be used in food "as an anticaking agent."  21 C.F.R. § 172.480(b)(1).  FDA regulations distinguish anticaking agents and preservatives and list silicon dioxide as an anticaking agent.  *Compare* 21 CFR Part 172 - Subpart E *with* 21 CFR Part 172 - Subpart B.

Plaintiffs allege that they bought the Muffin Mix in various stores in California and New York.  (Compl. ¶¶ 55–58.)  Without providing further detail, they claim they "saw and relied on

CONTINTENTAL MILLS'S MTD
No. 5:25-cv-06291-NW

**DAVIS WRIGHT TREMAINE** LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the 'NO ARTIFICIAL Flavors · Colors · Preservatives' statement" on the Muffin Mix's label during their purchases and that they "would not have purchased the Products, or would have paid less for the Products, had they known that the Products actually contain the artificial preservative Silicon Dioxide." (*Id.* ¶ 59.) Plaintiffs provide no details about why they believe the specific silicon dioxide used in the Muffin Mix is artificial or how they made the leap from its use as an anticaking agent to their claim that it acts as a preservative in the Muffin Mix.

On the strength of these allegations, Plaintiffs seek to represent a nationwide class, plus California and New York subclasses, of persons who purchased the Muffin Mix. (*Id.* ¶ 74.) Plaintiffs bring claims for (1) violation of California's Consumers Legal Remedies Act (CLRA), California Civil Code §§ 1750 *et seq.*; (2) violation of California's Unfair Competition Law (UCL), California Business & Professions Code §§ 17200 *et seq.*; (3) breach of express warranty (without specifying which state's law); (4) violation of New York's General Business Law (GBL) § 349; and (5) violation of New York GBL § 350.

## IV.    LEGAL STANDARD

### A.    Plaintiffs Must Plead Plausible, Specific Facts to Support Their Claims.

The Federal Rules of Civil Procedure require Plaintiffs to plead facts—not just conclusions—to state a claim. To survive a motion to dismiss, a plaintiff must allege claims that are "plausible on [their] face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard "require[es] the reviewing court to draw on its experience and common sense" to determine whether a complaint passes muster. *Id.* at 663–64.

Moreover, Plaintiffs must state their claims "with particularity." Fed. R. Civ. P. 9(b). The gravamen of Plaintiffs' claims is that Continental Mills misled them into believing that the Muffin Mix contained "No Artificial . . . Preservatives" when the Muffin Mix contains silicon dioxide as an anticaking agent. (Compl. ¶¶ 2–7.) Rule 9(b) therefore applies to Plaintiffs' claims because their claims allege a "unified course of fraudulent conduct and rely entirely on

1   that course of conduct as the basis of [their] claim[s]." *Kearns v. Ford Motor Co.*, 567 F.3d

2   1120, 1125 (9th Cir. 2009). Rule 9(b) requires Plaintiffs to "identify the who, what, when,

3   where, and how of the misconduct charged" and "what is false or misleading about the

4   purportedly fraudulent statement, and why it is false." *Cafasso v. Gen. Dynamics C4 Sys., Inc.*,

5   637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks omitted).

      **B.**      **All of Plaintiffs' Claims Require Plausible Allegations That the Muffin Mix's Label Deceives Reasonable Consumers.**

7         All of Plaintiffs' claims, moreover, require them to plead *plausibly* that the Muffin Mix's

8   labels deceive reasonable consumers. *Bodenburg v. Apple Inc.*, — F.4th —, 2025 WL 2055748,

9   at *4 (9th Cir. July 23, 2025) (reasonable consumer test applies to UCL, FAL, and CLRA);

10  *Maxwell v. Unilever U.S., Inc.*, 2018 WL 1536761, at *5 (N.D. Cal. Mar. 29, 2018) (same for

11  UCL unfair prong in false advertising claims and UCL unlawful prong where it is element of

12  predicate violation); *Valencia v. Snapple Beverage Corp.*, 2024 WL 1158476, at *2 (S.D.N.Y.

13  Mar. 18, 2024) (same for GBL §§ 349 and 350 claims); *Azoulai v. BMW of N. Am. LLC*, 2017

14  WL 1354781, at *7 (N.D. Cal. Apr. 13, 2017) (same for breach of express warranty). To state a

15  claim under the "reasonable consumer" standard, Plaintiffs must plausibly plead that "a

16  significant portion of the general consuming public or of targeted consumers, acting reasonably

17  in the circumstances, could be misled" by the Muffin Mix's labels. *Moore v. Trader Joe's Co.*, 4

18  F.4th 874, 882 (9th Cir. 2021) (internal quotation marks and citation omitted). Allegations that

19  the label "might conceivably be misunderstood by some few consumers viewing it in an

20  unreasonable manner" are insufficient. *Id.*

21        This is "not a negligible burden," and "a plaintiff's unreasonable assumptions about a

22  product's label will not suffice[.]" *Id.*; *see also La Barbera v. Olé Mexican Foods Inc.*, 2023 WL

23  4162348, at *11 (C.D. Cal. May 18, 2023) ("The bottom line is this: under *Moore*, the reasonable

24  consumer . . . is . . . not a chump [or] too doltish or careless to engage in [a] simple

25  analysis . . . .") (citation omitted). Courts routinely reject "deceptive advertising cases when they

26  have determined . . . that the claims depend on 'unreasonable or fanciful interpretations of labels

27  or other advertising.'" *Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*, 2022 WL 20286688, at

28

CONTINTENTAL MILLS'S MTD
No. 5:25-cv-06291-NW

**DAVIS WRIGHT TREMAINE** LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*6 (N.D. Cal. Feb. 24, 2022) (quoting *Moore*, 4 F.4th at 882–83).  In particular, "information available to a consumer is not limited to the physical label and may involve contextual inferences regarding the product itself and its packaging."  *Moore*, 4 F.4th at 882.  Moreover, even when "a front label is ambiguous, the ambiguity can be resolved by reference to the back label."  *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1099 (9th Cir. 2023).

The Court "must determine, relying on its judicial experience and common sense, whether [the] allegations" are sufficient.  *Manchouck v. Mondelēz Int'l Inc.*, 2013 WL 5400285, at *2 (N.D. Cal. Sept. 26, 2013) (internal quotation marks and citation omitted), *aff'd*, 603 F. App'x 632 (9th Cir. 2015).  "[W]here a Court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate."  *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 978 (C.D. Cal. 2013) (collecting cases from all California district courts).  The Court "can properly make this determination and resolve such claims based on its review of the product packaging" on a motion to dismiss.  *Id.*

Plaintiffs cannot meet these pleading standards.

**V.    THE COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM.**

All of Plaintiffs' claims fail because (A) Plaintiffs cannot plausibly plead consumer deception; and (B) they cannot plead reliance.  Either of these defects independently require the entire complaint to be dismissed pursuant to Rule 12(b)(6).

**A.    The Muffin Mix's Label Is Not Deceptive.**

Plaintiffs cannot plead that the Muffin Mix's label deceives consumers for two simple reasons.  *First*, they do not plead *facts* showing that the silicon dioxide in the Muffin Mix is either artificial or a preservative and instead rely on inuendo and rank speculation.  Without any facts, their theory of deception disappears.  *Second*, at most, the "No Artificial . . . Preservatives" label is ambiguous because reasonable consumers would require more information to ascertain its meaning; the Ninth Circuit therefore requires reasonable consumers to base their beliefs on the whole label, which states plain as day that there is silicon dioxide in the Muffin Mix and that it functions as an anticaking agent.

CONTINTENTAL MILLS'S MTD
No. 5:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### 1. Plaintiffs Do Not Allege That Silicon Dioxide Is a Preservative in the Muffin Mix.

*First*, Plaintiffs' claims fail because they rely on speculation and innuendo to establish that the silicon dioxide in the Muffin Mix's cinnamon topping is a preservative. Plaintiffs generally allege that silicon dioxide *can* have preservative effects in some foods because it "is highly adsorbent" and "slows microbial growth." (*See* Compl. ¶¶ 48–49.) But Plaintiffs' own sources show silicon dioxide has other uses in food—like use as a "flow aid" to help the cinnamon topping pour more easily. (RJN Ex. A at 2 ("Due to its adsorption properties, SAS is used as an anticaking agent in powders as well as a flow aid. It ensures user friendliness of food and reduces the amount of ingredients lost by caking.")).[2] Plaintiffs do not tie any possible preservative effect to *the Muffin Mix's cinnamon topping's* shelf life: they fail to allege that the cinnamon topping, which is composed primarily of sugar and salt (Compl. ¶¶ 4, 5), sees any benefit to shelf life from supposed adsorbent and antimicrobial effects. While Plaintiffs *generally* allege that anticaking agents in foods "contribute[] to preservation by reducing humidity-related spoilage" (*id.* ¶ 49), they make no effort to connect that effect *to the Muffin Mix*. Without explaining how these general, *potential* preservative effects actually manifest in the Muffin Mix, Plaintiffs leap to conclude that silicon dioxide "functions as a preservative in the [Muffin Mix]." (*Id.* ¶ 50.) But Plaintiffs plead no facts substantiating this speculation.

Innuendo about anticaking agents in general cannot state a claim for consumer deception. *See, e.g.*, *Aloudi v. Intramedic Rsch. Grp., LLC*, 729 F. App'x 514, 516 (9th Cir. 2017) (affirming dismissal where plaintiff "fail[ed] to state a sufficiently plausible or specific claim of actual falsity" because cited studies were insufficient to demonstrate product was mislabeled); *see also Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 998–99 (9th Cir. 2014) (complaint that "alleges no specific facts supporting its conclusion" and "does not tend to exclude a plausible and innocuous alternative explanation" cannot state a claim). Courts routinely reject "wholly conclusory" speculation about food ingredients that is "unsupported by

---

[2] RJN Exhibits A and B are incorporated by reference into the complaint because the complaint quotes, cites, and relies on them. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

CONTINENTAL MILLS'S MTD
No. 5:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

any facts." *Pelayo v. Conagra Brands, Inc.*, 2024 WL 3544621, at *1 (N.D. Cal. May 2, 2024).

"[G]eneralized statement[s]" about ingredients are not enough to satisfy Plaintiffs' pleading

obligations. *Valencia*, 2024 WL 1158476, at *5. Nor are generic statements regarding industry

practices. *Tarzian v. Kraft Heinz Foods Co.*, 2019 WL 5064732, at *4 (N.D. Ill. Oct. 9, 2019)

("To satisfy the pleading standards, plaintiffs need to draw a connection between the common

industry practice and the actual practice used by Kraft."). Rather, Plaintiffs must (but do not)

plead actual facts—such as testing or scientific literature—showing that the *silicon dioxide*

*specifically in the Muffin Mix functions as a preservative.*

Cases rejecting allegations indistinguishable from Plaintiffs' are legion. For example, in

*Hu v. Herr Foods, Inc.*, the plaintiff alleged that foods' "No Preservatives Added" labels misled

consumers because the foods contained citric acid. 251 F. Supp. 3d 813, 816 (E.D. Pa. 2017).

Despite allegations that "citric acid <u>in general</u>" can function as a preservative, the court granted

judgment on the pleadings because the plaintiff failed to "directly allege that citric acid functions

as a preservative in any of the Products" and instead relied on "speculation[]" that was "not

supported by well-pleaded factual allegations." *Id.* at 821–22 (emphasis in original). Similarly,

in *Zuchowski v. SFC Global Supply Chain, Inc.*, the court rejected allegations that pizzas were

mislabeled as having "preservative free crust[s]" because—despite allegations about "breads"

and "baked goods" in general—the plaintiff failed to "explain how [the alleged preservative]

ingredients operate[d] as preservatives in Defendant's product[.]" 2022 WL 3586716, at *3

(S.D.N.Y. Aug. 22, 2022). Numerous other courts are in accord that an "unsupported conclusion

based on [a plaintiff's] own broad-sweeping inferences" cannot support a claim. *Vineyard v. La*

*Terra Fina USA, LLC*, 2025 WL 958319, at *6 (S.D. Ill. Mar. 31, 2025).[3]

---

[3] *See, e.g.*, *Pelayo*, 2024 WL 3544621, at *1 (dismissing claim as "wholly conclusory and
unsupported by any facts"); *Trammell v. KLN Enters., Inc.*, 2024 WL 1722243, at *4 (S.D. Cal.
Apr. 22, 2024) (dismissing because plaintiff "fail[ed] to plead with sufficient particularity");
*Svensrud v. Frito-Lay N. Am., Inc.*, 2020 WL 8575056, at *4 (C.D. Cal. Dec. 21, 2020)
(dismissing because plaintiff's "conclusory allegations [were] devoid of any facts"); *Figy v.
Frito-Lay N. Am., Inc.*, 67 F. Supp. 3d 1075, 1090 (N.D. Cal. 2014) (dismissing because the
plaintiff pled "nothing more than conclusory assertions"); *see also Valencia*, 2024 WL 1158476,
at *5 (dismissing because the plaintiff's "generalized statement about the production of citric

CONTINENTAL MILLS'S MTD
No. 5:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    Plaintiffs' allegations here are no different.  They plead nothing about how silicon

2  dioxide functions as a preservative *in the Muffin Mix*—they cite no studies, no scientific

3  analyses, no facts about the shelf life of the Muffin Mix with or without an anticaking agent,

4  nothing whatsoever about the Muffin Mix.  As in *Hu*, Plaintiffs' allegations about silicon dioxide

5  "<u>in general</u>" cannot substitute for their failure to "directly allege that [silicon dioxide in the

6  Muffin Mix] functions as a preservative."  251 F. Supp. 3d at 822.  As in *Zuchowski*, the

7  complaint is silent on "how [silicon dioxide] operate[s] as [a] preservative[]" in the Muffin Mix.

8  2022 WL 3586716, at *3.  While Plaintiffs may refer the Court to vague and conclusory

9  allegations regarding the function of silicon dioxide in the Muffin Mix (*e.g.*, Compl. ¶ 50),

10  "conclusory assertions" are insufficient.  *See Figy*, 67 F. Supp. 3d at 1090; *Trammell*, 2024 WL

11  1722243, at *4; *Valencia*, 2024 WL 1158476, at *5; *Indiviglio*, 2023 WL 9022866, at *4.

12    The Federal Food Drug & Cosmetic Act (FDCA) and FDA regulations validate that

13  reasonable consumers would not, without more, consider the silicon dioxide here to be a

14  preservative.  Plaintiffs' claims require believing (without any factual basis) that anticaking

15  agents are *always* preservatives, but the FDA treats preservatives and anticaking agents

16  separately.  *First*, their definitions differ.  Anticaking agents "prevent caking, lumping, or

17  agglomeration" of foods.  *Id.* § 170.3(o)(1).  Preservatives "tend[] to prevent or retard

18  deterioration" of foods.  *Id.* § 101.22(a)(5).  The definitions do not perfectly overlap.  *Second*,

19  consistent with the different definitions, regulations governing the safe usage of food additives

20  separately list anticaking agents and preservatives.  *Compare* 21 CFR Part 172 - Subpart E; *id.*

21  §§ 172.410–.490 *with* 21 CFR Part 172 - Subpart B; *id.* §§ 172.105–.190.  The FDA lists silicon

22  dioxide with anticaking agents and allows it to be "***used as an anticaking agent***" in foods for

23  which it has "***an anticaking effect***."  *Id.* § 172.480(b)(1) (emphasis added).

24    To be sure, Plaintiffs may have alleged that silicon dioxide *can* function as a preservative

25  in some contexts.  (Compl. ¶¶ 47–49.)  But they cannot simply assume that an anticaking agent

26

27  acid is not enough") (cleaned up); *Indiviglio v. B&G Foods, Inc.*, 2023 WL 9022866, at *4

28  (S.D.N.Y. Dec. 29, 2023) (same).

CONTINENTAL MILLS'S MTD
No. 5:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   extends the Muffin Mix's cinnamon topping's shelf-life without any factual allegations about

2   how the ingredient functions in the Muffin Mix. (Indeed, it is not plausible that reasonable

3   consumers would consider an ingredient a preservative if it does not have preservative effects in

4   a food.) The fact that silicon dioxide in general may *sometimes* be used as a preservative says

5   nothing about how it is used in the Muffin Mix. *See Tarzian*, 2019 WL 5064732, at *4 ("To

6   satisfy the pleading standards, plaintiffs need to draw a connection between the common industry

7   practice and the actual practice used by Kraft."); *Valencia*, 2024 WL 1158476, at *5 (same).

8       Plaintiffs may argue that this is a fact issue that cannot be resolved on the pleadings. Not

9   so.[4] The question is whether Plaintiffs have *adequately pled* that the Muffin Mix contains a

10   preservative. While some courts have declined to resolve at the pleading stage whether

11   ingredients are preservatives, those cases involved detailed allegations regarding the preservative

12   effect of the ingredient in the *particular food at issue*. The complaint contains no such

13   allegations, and Plaintiffs therefore cannot plausibly allege any deception.

14          **2.**     **Plaintiffs Do Not Allege That the Silicon Dioxide is Artificial.**

15       Even if Plaintiffs had sufficiently pled that the silicon dioxide in the Muffin Mix is a

16   preservative (they do not), they fail to allege that it is artificial. Plaintiffs' sources establish that

17   food-grade silicon dioxide can have natural sources, and Plaintiffs fail entirely to allege the

18   nature or source of the silicon dioxide in the Muffin mix.

19       To summarize the science pled in and incorporated into the complaint: food-grade

20   silicon dioxide is called "amorphous silica" (i.e., non-crystalline silica). (Compl. ¶¶ 29, 35.)

21   ***Plaintiffs' own sources show that amorphous silica can occur naturally.*** (*See* RJN Ex. B

22   (noting that "Silica also occurs naturally in several forms" and "Amorphous Silica" may be

23   "Natural" or "Incidental" (i.e. processed)).) And ***even supposedly "synthetic" amorphous silica***

24   ***can be derived from natural sources, like sand***. (*See* RJN Ex. A at 3 (noting that synthetic

25   amorphous silica is "[d]erived from this most abundant <u>*natural*</u> raw material on earth" through a

26

27               —————————————
        [4] Should this case proceed past the pleading stage (it should not), Continental Mills looks

28   forward to demonstrating that Plaintiffs' claims are factually baseless.

CONTINTENTAL MILLS'S MTD
No. 5:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    "manufacturing process [that] converts the quite inhomogeneous _natural_ raw material sand into"

2    synthetic amorphous silica) (emphasis added).)  Despite admitting that synthetic amorphous

3    silica may be natural, Plaintiffs do nothing to establish that the silicon dioxide actually used in

4    the Muffin Mix is artificial.  As with Plaintiffs' (lack of) allegations about its preservative

5    functions, speculation and innuendo cannot establish that the silicon dioxide in the Muffin Mix is

6    artificial.  Plaintiffs cite no studies, scientific analyses, or any facts that are actually about the

7    Muffin Mix.  *Yamasaki v. Zicam LLC*, 2021 WL 4951435, at *4 (N.D. Cal. Oct. 25, 2021)

8    (dismissing for lack of "any studies in which Defendant's products were evaluated").

9            Without analysis specific to the Muffin Mix, Plaintiffs resort to speculation.  Courts

10   reject this gambit.  For example, in *Valencia*, plaintiff alleged that citric acid could be derived

11   from fruit or produced as a supposedly "synthetic ingredient" processed from mold.  2024 WL

12   1158476, at *5, *6.  But the court held plaintiff could not state a claim that the citric acid was

13   artificial "absent any allegations specific to the Products" at issue.  *Id.*  Courts are in accord that

14   "pure speculation" cannot establish that an ingredient is artificial, especially where natural

15   sources for that ingredient exist.  *Vineyard*, 2025 WL 958319, at *6–*7 (plaintiff failed to allege

16   citric acid was artificial); *Pelayo*, 2024 WL 3544621, at *1 (dismissing claim that citric acid was

17   artificial as "wholly conclusory and unsupported by any facts"); *Robie v. Trader Joe's Co.*, 2021

18   WL 2548960, at *5 (N.D. Cal. June 14, 2021) ("[C]onclusory allegations that the flavoring is

19   artificial are insufficient to state a claim."); *Barreto v. Westbrae Nat., Inc.*, 518 F. Supp. 3d 795,

20   803–04 (S.D.N.Y. 2021) (holding plaintiff failed to adequately plead the source of the ingredient

21   in the product was artificial where the product could be derived from either natural or artificial

22   sources); *Cosgrove v. Or. Chai, Inc.*, 520 F. Supp. 3d 562, 579–80 (S.D.N.Y. 2021) (same).

23   Here, as in *Valencia* and numerous other cases, Plaintiffs' speculation cannot state a claim that

24   the Muffin Mix's silicon dioxide is artificial "absent any allegation[s] specific" to the Muffin

25   Mix, given silicon dioxide's natural sources.  2024 WL 1158476, at *5.  Plaintiffs do not and

26   cannot connect the "industry practice" of sometimes using artificial silicon dioxide and the

27   "actual practice" used by Continental Mills.  *Tarzian*, 2019 WL 5064732 at *4 ("To satisfy the

28

CONTINTENTAL MILLS'S MTD
No. 5:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    pleading standards, Plaintiffs need to draw a connection between the common industry practice

2    and the actual practice used by [the defendant]").

3        Plaintiffs may argue that allegations that the silicon dioxide in the Muffin Mix is

4    "extremely likely" to be artificial should suffice.  (Compl. ¶ 35.)  But alleging a *likelihood* based

5    on generalized facts about silicon dioxide is no substitute for actual facts *about the Muffin Mix.*

6    *See Eclectic Props. E., LLC*, 751 F.3d at 998–99 (complaint that "alleges no specific facts

7    supporting its conclusion" and "does not tend to exclude a plausible and innocuous alternative

8    explanation" cannot state a claim); *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108

9    (9th Cir. 2013) ("When faced with two possible explanations, only one of which can be true and

10    only one of which results in liability, . . . more is needed . . . to render plaintiffs' allegations

11    plausible within the meaning of *Iqbal* and *Twombly*.") (citation omitted); *Tarzian,* 2019 WL

12    5064732, at *4 (allegation that ingredient was "usually produced" artificially insufficient).

13        To the extent Plaintiffs allege that the silicon dioxide is artificial because silicon dioxide

14    used in foods is "produced by humans" (Compl. ¶ 25), that is merely an inescapable fact of life

15    that cannot deceive any reasonable consumer.  *All* muffin, cake, pancake, bread, and every single

16    other baked goods mix—*and every single ingredient in all of them*—are "produced by humans."

17    It strains the bounds of credulity to allege that reasonable consumers would be deceived by the

18    fact that ingredients in a muffin mix are "produced by humans."  *See, e.g.*, *Vitort v. The Kroger*

19    *Co.*, 2023 WL 3143690, at *1 (9th Cir. Apr. 28, 2023) (no consumer deception based on

20    processed fruit-derived ingredients in "Just Fruit" spread because "spreadable fruit products,

21    which also do not exist in nature, necessarily contain ingredients other than the crushed

22    reproductive bodies of a seed plant") (quotation cleaned up); *Valencia*, 2024 WL 1158476, at *5

23    (reasonable consumers would not consider citric acid processed from mold to be artificial

24    because mold is natural).  Reasonable consumers do not expect ingredients in muffin mixes to

25    spring from nature fully formed and without any human processing, just as shoppers would not

26    expect "natural" pasta to "spring[] fully-formed from Ravioli trees and Tortellini bushes."  *See*

27    *Pelayo*, 989 F. Supp. 2d at 978 ("All Natural" pasta did not deceive consumers).

28

CONTINTENTAL MILLS'S MTD
No. 5:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1     Because Plaintiffs do not allege that the silicon dioxide in the Muffin Mix is an artificial

2     preservative, there is no possibility of consumer deception.  Simply put, the "No . . . Artificial

3     Preservatives" label cannot deceive consumers because the Muffin Mix does not contain

4     artificial preservatives.

5              **3.        Reasonable Consumers Consider the Muffin Mix's Full Label.**

6     At best, Plaintiffs establish that the "No Artificial . . . Preservatives" label is ambiguous,

7     and Ninth Circuit case law therefore requires the Court, through the eyes of reasonable

8     consumers, to look at the label as a whole, which states plain as day in the ingredient list that the

9     Muffin Mix contains silicon dioxide as an anticaking agent.  *McGinity*, 69 F.4th at 1099 (where

10    "a front label is ambiguous, the ambiguity can be resolved by reference to the back label").

11    Given the different natural sources of silicon dioxide, and the fact that even Plaintiffs cannot

12    allege that silicon dioxide's use as an anticaking agent in the Muffin mix makes it a preservative,

13    reasonable consumers would necessarily "require more information" before jumping to the

14    unsupported conclusion that the "No Artificial . . . Preservatives" label indicates that there is no

15    silicon dioxide in the Muffin Mix.  *See Moore*, 4 F.4th at 882; *see also Garland v. The Kroger*

16    *Co.*, 2025 WL 474914, at *9 (S.D. Cal. Feb. 12, 2025) (holding that that a reasonable consumer

17    would "'necessarily require more information'" before concluding that labels claiming a food

18    was "naturally flavored" and "made with real fruit" indicated that the food did not contain

19    synthetically derived malic acid) (quoting *Moore*, 4 F.4th at 882).

20    Reasonable consumers therefore would consider the full label to resolve any ambiguity.

21    *McGinity*, 69 F.4th at 1099; *Cheslow v. Ghirardelli Chocolate Co.*, 445 F. Supp. 3d 8, 20 (N.D.

22    Cal. 2020) ("[W]here the actual ingredients are disclosed, a plaintiff may not ignore the

23    ingredient list.").  Here, the back label discloses that the Muffin Mix contains silicon dioxide and

24    the silicon dioxide's function: an anticaking agent.  (Compl. ¶¶ 4, 5.)  No reasonable consumer

25    could be deceived by the presence of the "No . . . Artificial Preservatives" label when the label

26    discloses plain as day what's in the Muffin Mix and the silicon dioxide's function.

27

28

13

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    **B.    Plaintiffs Do Not Plead Reliance.**

2         Even if Plaintiffs had pled deception (they do not), they do not plead any facts regarding

3    their personal stake in any purported deception: their reliance on the labeling or how the

4    purported mislabeling caused harm to them.  This is fatal to their claims.  *See Sateriale v. R.J.*

5    *Reynolds Tobacco Co.*, 697 F.3d 777, 793–94 (9th Cir. 2012) (requiring actual reliance for UCL

6    and CLRA claims "based on a fraud theory"); *Kearns*, 567 F.3d at 1125–26 (requiring pleading

7    with particularity); *see also Hawkins v. Coca-Cola Co.*, 654 F. Supp. 3d 290, 300–01 (S.D.N.Y.

8    2023) ("To allege injury under a price premium theory [for a GBL claim], a plaintiff must

9    allege . . . that there is a connection between the misrepresentation and any harm from, or failure

10   of, the product.") (quotation cleaned up); *Devey v. Big Lots, Inc.*, 635 F. Supp. 3d 205, 215

11   (W.D.N.Y. 2022) (reliance required for New York express warranty claims); *West v. Rheem Mfg.*

12   *Co.*, 765 F. Supp. 3d 976, 985 (C.D. Cal. 2025) (same for California); *Ryan v. Starco Brands,*

13   *Inc.*, 2024 WL 5102651, at *6 (N.D. Cal. Apr. 19, 2024) (same).  Plaintiffs allege that they—

14   collectively—"saw and relied on the 'NO ARTIFICIAL Flavors · Colors · Preservatives'

15   statement on the front of the packaging" when they bought the Muffin Mix.  (Compl. ¶ 59.)

16   That's it.  Plaintiffs do not say what they individually—or even collectively—thought the label

17   meant and how it influenced their purchases.

18        Plaintiffs therefore fail to state a claim.  Allegations that fail to say "with any particularity

19   how Plaintiff relied on Defendants' representations, [or] allege *why* Plaintiff would have acted

20   differently without those representations" cannot establish actual reliance.  *E.g.*, *Elias v. Hewlett-*

21   *Packard Co.*, 903 F. Supp. 2d 843, 855 n.3 (N.D. Cal. 2012) (emphasis in original); *King v. Navy*

22   *Fed. Credit Union*, 713 F. Supp. 3d 729, 739 (C.D. Cal. 2024), *aff'd*, 2025 WL 2178532 (9th Cir.

23   Aug. 1, 2025) (allegation that "Plaintiff relied on Defendant's misrepresentations" too

24   "conclusory" to allege actual reliance); *Gumner v. PepsiCo, Inc.*, 2023 WL 9019040, at *4 (C.D.

25   Cal. Aug. 3, 2023) (allegation that plaintiff "was exposed to, read, and relied upon the

26   Misbranded Claims" were "too conclusory to satisfy the reliance requirement").  Plaintiffs may

27   not "plead[] reliance in a conclusory manner and merely regurgitate[] the statements that

28

CONTINTENTAL MILLS'S MTD
No. 5:25-cv-06291-NW

14

1    allegedly induced reliance."  *Mazur v. eBay Inc.*, 2008 WL 618988, at *13 (N.D. Cal. Mar. 4,

2    2008).  These vague allegations cannot satisfy Plaintiffs' pleading obligations.

3    **VI.    IF THE COMPLAINT SURVIVES (IT SHOULD NOT), THE COURT SHOULD
           LIMIT PLAINTIFFS' CLAIMS.**

4
5         If the complaint survives at all (it should not), the Court should dismiss or strike

     Plaintiffs' attempts to expand impermissibly the scope of Continental Mills's potential liability.

6
7         **A.    This Court Lacks Jurisdiction Over Plaintiffs' New York Claims.**

8         As an initial matter, Plaintiffs' attempt to bootstrap New York claims to this California

9    case cannot succeed because this Court lacks personal jurisdiction over Continental Mills with

10   respect to Ms. Ambroisno's New York GBL claims.  "Personal jurisdiction must exist for each

11   claim asserted against a defendant."  *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d

12   1174, 1180 (9th Cir. 2004); *LeGrand v. Abbott Labs.*, 655 F. Supp. 3d 871, 884 (N.D. Cal. 2023)

13   ("California district courts considering the issue have largely determined that named, out-of-

14   state, class-action plaintiffs in cases based on diversity jurisdiction must establish personal

15   jurisdiction.").  Personal jurisdiction comes in two flavors: general personal jurisdiction, in

16   which a defendant may be sued on any cause of action in the forum, and specific personal

17   jurisdiction, in which a cause of action must arise from defendant's contacts with a forum.

18   *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068–69 (9th Cir. 2015).  Neither is present here.

19        *First*, Plaintiffs do not establish general personal jurisdiction over Continental Mills in

20   California.  Continental Mills is a Washington corporation with a principal place of business in

21   Washington.  (Compl. ¶ 13); *see Ranza*, 793 F.3d at 1069 (place of incorporation and principle

22   place of business are "paradigmatic locations" for general personal jurisdiction).  Plaintiffs plead

23   that Continental Mills conducts business and supplies goods in California (Compl. ¶¶ 9–10), but

24   that is not sufficient for general personal jurisdiction.  *See, e.g.*, *Andrade-Heymsfield v. Danone*

25   *US, Inc.*, 2019 WL 3817948, at *4 (S.D. Cal. Aug. 14, 2019) (even maintaining facilities and

26   soliciting employees in California insufficient); *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d

27   970, 980 (N.D. Cal. 2016) (even pharmacies and distribution centers in California insufficient).

28

                                          15

CONTINTENTAL MILLS'S MTD
No. 5:25-cv-06291-NW

1    *Second,* Plaintiffs plead no specific personal jurisdiction over Continental Mills in

2    California for Ms. Ambroisno's New York GBL claim.  Specific personal jurisdiction "depends

3    on . . . activity or an occurrence that takes place in the forum State and is therefore subject to the

4    State's regulation." *Ranza*, 793 F.3d at 1068 (internal quotation marks omitted).  But Ms.

5    Ambroisno's New York GBL claims necessarily pertain to sales in New York, not California.

6    *Miramontes v. Ralph Lauren Corp.*, 2023 WL 3293424, at *4 (S.D.N.Y. May 5, 2023).  And

7    Plaintiffs' complaint makes no attempt to plead any GBL claim based on California sales.

8    (Compl. ¶¶ 58, 122–139.)  Applying *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255

9    (2017), courts routinely dismiss "claims that have no connection to California" for lack of

10   personal jurisdiction.  *See Andrade-Heymsfield*, 2019 WL 3817948, at *3 (dismissing claims of

11   "New York resident who purchased and consumed the Coconut Milk in New York [and] seeks to

12   represent a class of plaintiffs who reside in and purchased the Coconut Milk in New York"); *see*

13   *also LeGrand*, 655 F. Supp. 3d at 883 (no personal jurisdiction in California over claims by New

14   York named plaintiff); *Goldstein v. Gen. Motors LLC*, 445 F. Supp. 3d 1000, 1013 (S.D. Cal.

15   2020) (dismissing claims of non-California named plaintiffs for lack of personal jurisdiction).

16   Ms. Ambroisno's GBL claims are based on Continental Mills's contacts with New York, and this

17   Court lacks jurisdiction over Continental Mills for those claims.

18       *Third*, this Court should decline to exercise pendent personal jurisdiction over Ms.

19   Ambroisno's New York claims because "nearly every court considering the issue has concluded

20   pendent party jurisdiction cannot be exercised by a federal court sitting in diversity." *LeGrand*,

21   655 F. Supp. 3d at 885 (internal quotation marks omitted); *Andrade-Heymsfield*, 2019 WL

22   3817948, at *5 (declining to exercise pendent personal jurisdiction in the absence of a federal

23   claim).  Ms. Ambroisno's GBL claims should be dismissed without leave to amend.

24       **B.    The Court Should Dismiss Plaintiffs' Breach of Warranty Claim.**

25       Next, the Court should dismiss Plaintiffs' breach of warranty claim for the simple reason

26   that Plaintiffs do not specify which laws it arises under.  Courts are in accord that "failure to

27   allege which state law governs a common law claim is grounds for dismissal." *In re Samsung*

28

16

CONTINTENTAL MILLS'S MTD
No. 5:25-cv-06291-NW

1  *Galaxy Smartphone Mktg. & Sales Pracs. Litig.*, 2018 WL 1576457, at *4 (N.D. Cal. Mar. 30,

2  2018); *Augustine v. Talking Rain Beverage Co.*, 386 F. Supp. 3d 1317, 1333 (S.D. Cal. 2019)

3  (dismissing express warranty claim due to "failure to identify which state laws govern

4  . . . common law claims").

5        **C.      The Court Should Dismiss or Strike Plaintiffs' Nationwide Class Claim.**

6        If the express warranty claim survives at all, the Court should dismiss or strike Plaintiffs'

7  attempt to bring their express warranty claim on behalf of a nationwide class.  Nationwide class

8  allegations cannot survive the pleadings stage where, as here, it is "sufficiently obvious from the

9  pleadings" that a nationwide class cannot be certified.  *See Route v. Mead Johnson Nutrition Co.*,

10  2013 WL 658251, at *8–9 (C.D. Cal. Feb. 21, 2013) (striking nationwide class claims);

11  *Carpenter v. PetSmart, Inc.*, 441 F. Supp. 3d 1028, 1041 (S.D. Cal. 2020) (dismissing

12  nationwide class claims pursuant to Rule 12(b)(1)).[5]  Here, named Plaintiffs—who bought

13  Muffin Mix in California and New York—lack standing to bring claims under the laws of 48

14  other states, and the nationwide class therefore cannot proceed past the pleading stage.

15        *First*, choice of law rules require Plaintiffs' warranty claim to be brought under the law of

16  the state in which each putative class member bought the Muffin Mix.  Courts routinely conclude

17  that absent non-California class members' claims arise under other states' laws.  *See, e.g.*, *Mazza*

18  *v. Am. Honda Motor Co.*, 666 F.3d 581, 589–94 (9th Cir. 2012), *overruled on other grounds by*

19  *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 682 n.32 (9th

20  Cir. 2022); *Carpenter*, 441 F. Supp. 3d at 1039; *Przybylak v. Bissell Better Life LLC*, 2019 WL

21  8060076, at *3 (C.D. Cal. July 19, 2019) ("[T]he complaint's breach of express warranty [claim

22  does] . . . not specify under which state's laws they are brought, . . . and plaintiffs do not dispute

23  that the class would assert claims under the laws of states other than California.").  Courts

24  regularly find that express warranty law differs from state to state.  California has no interest in

25  applying its express warranty laws to purchases by non-Californians outside of California, and

26

27        [5] Courts have analyzed whether a nationwide class is viable at the pleadings stage under

28  Rules 12(b)(1), 12(b)(6) and 12(f).

CONTINENTAL MILLS'S MTD
No. 5:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

courts routinely conclude that express warranty claims arise under the law of the states where absent class members made their purchases. *See, e.g.*, *Chebul v. Tuft & Needle, LLC*, 2024 WL 5257021, at \*5 (C.D. Cal. Oct. 9, 2024) ("[S]everal district courts in this circuit have held that *Mazza* precludes certification of a nationwide class for breach of express warranty claims."); *DeArmey v. Hawaiian Isles Kona Coffee Co.*, 2019 WL 6723413, at \*3 (C.D. Cal. July 22, 2019) ("As to implied and express warranty claims, material differences exist from state to state.").

*Second*, none of the named Plaintiffs have standing to bring claims under the laws of states they did not purchase Muffin Mix in. "Courts . . . consistently [hold] that a plaintiff in a putative class action lacks standing to assert claims under the laws of" other states. *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 908 (N.D. Cal. 2019). Therefore, "[c]ourts routinely dismiss claims for lack of subject-matter jurisdiction where no plaintiff is alleged to reside in a state whose laws the class seeks to enforce because the named plaintiff lacks standing to invoke the foreign" laws. *Harris v. CVS Pharm., Inc.*, 2015 WL 4694047, at \*4 (C.D. Cal. Aug. 6, 2015) (internal quotation marks and citations omitted).

**D.      The Court Should Dismiss or Strike Plaintiffs' Claims for Punitive Damages.**

Finally, the Court should dismiss or strike Plaintiffs' claim for punitive damages. Plaintiffs fail to plead that Continental Mills is guilty of malice, fraud, or oppression or that any particular officer, director or managing agent ratified such conduct. "[A] plaintiff who seeks punitive damages against a corporate defendant must plead more than non-conclusory allegations that an officer, director or managing agent of the defendant authorized or ratified the conduct that constitutes malice, fraud or oppression." *Rozier v. Dep't of Homeland Sec.*, 2022 WL 2199938, at \*3 (C.D. Cal. Mar. 7, 2022) (internal quotation marks and citation omitted); *Ayat v. Societe Air Fr.*, 2007 WL 1100315, at \*3 (N.D. Cal. Apr. 11, 2007).

Dated:  August 29, 2025

DAVIS WRIGHT TREMAINE LLP

By: /s/ Jacob M. Harper
     Jacob M. Harper

*Attorneys for Defendant Continental Mills, Inc.*

CONTINTENTAL MILLS'S MTD
No. 5:25-cv-06291-NW

18

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899