JACOB M. HARPER (State Bar No. 259463)
  jharper@dwt.com
HEATHER F. CANNER (State Bar No. 292837)
  heathercanner@dwt.com
DANIEL H. LEIGH (State Bar No. 310673)
  danielleigh@dwt.com
BRANDON M. STOFFERS (State Bar No. 334895)
  brandonstoffers@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone:    (213) 633-6800
Facsimile:    (213) 633-6899

*Attorneys for Defendant
Continental Mills, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CARLIE LYSKOSKI, KENDALL HILL, MICHELE TUCKER, and TAYLOR AMBROISNO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CONTINENTAL MILLS, INC.,<br><br>Defendant. | Case No. 5:25-cv-06291-NW<br><br>**DEFENDANT CONTINENTAL MILLS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND STRIKE ALLEGATIONS**<br><br>Assigned to the Hon. Noël Wise<br><br>Date:         November 5, 2025<br>Time:         9:00 a.m.<br>Courtroom:   3 |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. THE COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM. ................................................................................................ 1

 A. The Muffin Mix's Label Does Not Deceive Reasonable Consumers. ..................... 1

 1. Plaintiffs Do Not Allege That Silicon Dioxide Functions as a Preservative in the Muffin Mix. .................................................................. 2

 a. Plaintiffs Fail to Change Their Pleading Standards. ....................... 2

 b. Plaintiffs Mischaracterize Their Complaint. .................................. 4

 c. None of Plaintiffs' Cases Applies. .................................................. 6

 d. FDA Regulations Support Continental Mills's Position. ............... 6

 2. Plaintiffs Do Not Allege That the Silicon Dioxide is Artificial. ................. 7

 a. Plaintiffs Mischaracterize Their Complaint. .................................. 7

 b. Processing Does Not Make a Natural Ingredient Artificial. ........... 8

 c. Allegations that Silicon Dioxide *Might* Be Artificial Cannot State a Claim. ............................................................................................... 9

 d. Plaintiffs Cite Inapposite Cases. ...................................................... 9

 3. Reasonable Consumers Consider the Muffin Mix's Full Label. ................ 10

 B. Plaintiffs Do Not Plead Reliance. ........................................................................ 11

III. IF THE COMPLAINT SURVIVES (IT SHOULD NOT), THE COURT SHOULD LIMIT PLAINTIFFS' CLAIMS. ................................................................................. 11

 A. This Court Lacks Jurisdiction Over Plaintiffs' New York Claims. ...................... 11

 B. The Court Should Dismiss Plaintiffs' Breach of Warranty Claim. ....................... 13

 C. The Court Should Dismiss or Strike Plaintiffs' Nationwide Class Claim. ........... 14

 D. The Court Should Dismiss or Strike Plaintiffs' Claim for Punitive Damages. ..... 15

IV. AMENDMENT WOULD BE FUTILE. ....................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Action Embroidery Corp. v. Atlantic Embroidery, Inc.*,
  368 F.3d 1174 (9th Cir. 2004)...................................................................................... 12

*Aloudi v. Intramedic Rsch. Grp., LLC*,
  729 F. App'x 514 (9th Cir. 2017)................................................................................ 2, 3

*Andrade-Heymsfield v. Danone US, Inc.*,
  2019 WL 3817948 (S.D. Cal. Aug. 14, 2019) .............................................................. 12

*Augustine v. Talking Rain Beverage Co.*,
  386 F. Supp. 3d 1317 (S.D. Cal. 2019) ........................................................................ 13

*Carpenter v. PetSmart, Inc.*,
  441 F. Supp. 3d 1028 (S.D. Cal. 2020) ........................................................................ 14

*Chebul v. Tuft & Needle, LLC*,
  2024 WL 5257021 (C.D. Cal. Oct. 9, 2024) ................................................................ 14

*Clark v. Hershey Co.*,
  2019 WL 2288041 (N.D. Cal. May 29, 2019) ............................................................... 6

*DeArmey v. Hawaiian Isles Kona Coffee Co.*,
  2019 WL 6723413 (C.D. Cal. July 22, 2019) ......................................................... 13, 14

*Eclectic Properties East, LLC v. Marcus & Millichap Company*,
  751 F.3d 990 (9th Cir. 2014)................................................................................... 2, 3, 9

*Figy v. Frito-Lay N. Am., Inc.*,
  67 F. Supp. 3d 1075 (N.D. Cal. 2014) .............................................................. 2, 3, 5, 6

*Garland v. The Kroger Co.*,
  2025 WL 474914 (S.D. Cal. Feb. 12, 2025) ........................................................... 10, 12

*Gitson v. Trader Joe's Co.*,
  2014 WL 1048640 (N.D. Cal. Mar. 14, 2014) ............................................................... 6

*Goldstein v. Gen. Motors LLC*,
  445 F. Supp. 3d 1000 (S.D. Cal. 2020) ........................................................................ 12

*Harris v. CVS Pharm., Inc.*,
  2015 WL 4694047 (C.D. Cal. Aug. 6, 2015) ............................................................... 14

*Hellman v. Polaris Indus., Inc.*,
  2022 WL 484908 (E.D. Cal. Feb. 16, 2022) ................................................................ 12

iii

CONTINTENTAL MILLS'S REPLY ISO MTD
No. 5:25-cv-06291-NW

**DAVIS WRIGHT TREMAINE** LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Hu v. Herr Foods, Inc.*,
    251 F. Supp. 3d 813 (E.D. Pa2017) .......................................................................................... 4

*In re Century Aluminum Co. Sec. Litig.*,
    729 F.3d 1104 (9th Cir. 2013) ................................................................................................ 9

*In re Samsung Galaxy Smartphone Mktg. & Sales Pracs. Litig.*,
    2018 WL 1576457 (N.D. Cal. Mar. 30, 2018) ..................................................................... 13

*Johnson v. Buckley*,
    356 F.3d 1067 (9th Cir. 2004) .............................................................................................. 15

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) ................................................................................................. 9

*King v. Bumble Trading, Inc.*,
    2020 WL 663741 (N.D. Cal. Feb. 11, 2020) ........................................................................ 12

*LeGrand v. Abbott Labs.*,
    655 F. Supp. 3d 871 (N.D. Cal. 2023) ............................................................................ 12, 13

*Lentz v. Sanderson Farms, Inc.*,
    2020 WL 12656231 (N.D. Cal. Feb. 10, 2020) .................................................................... 12

*Mazur v. eBay Inc.*,
    2008 WL 618988 (N.D. Cal. Mar. 4, 2008) ......................................................................... 11

*Mazza v. Am. Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012) ................................................................................................ 14

*McGinity v. Procter & Gamble Co.*,
    69 F.4th 1093 (9th Cir. 2023) ............................................................................................... 10

*McKinney v. Corsair Gaming, Inc.*,
    2022 WL 2820097 (N.D. Cal. July 19, 2022) ...................................................................... 13

*Miller v. Ghiradelli Chocolate Co.*,
    912 F. Supp. 2d 861 (N.D. Cal. 2012) .................................................................................. 15

*Moore v. Trader Joe's Co.*,
    4 F.4th 874 (9th Cir. 2021) ................................................................................................... 10

*Pelayo v. Conagra Brands, Inc.*,
    2024 WL 3544621 (N.D. Cal. May 2, 2024) ............................................................... 2, 3, 6, 7

*Pelayo v. Nestle USA, Inc.*,
    989 F. Supp. 2d 973 (C.D. Cal. 2013) .................................................................................... 8

*Pilgrim v. Gen. Motors Co.*,
    408 F. Supp. 3d 1160 (C.D. Cal. 2019) ................................................................................ 13

iv

CONTINTENTAL MILLS'S REPLY ISO MTD
No. 5:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Reitman v. Champion Petfoods USA, Inc.*,
    2018 WL 4945645 (C.D. Cal. Oct. 10, 2018) ........................................................................ 13

*Robie v. Trader Joe's Co.*,
    2021 WL 2548960 (N.D. Cal. June 14, 2021) ........................................................................ 8

*Route v. Mead Johnson Nutrition Co.*,
    2013 WL 658251 (C.D. Cal. Feb. 21, 2013) ........................................................................ 14

*Rozier v. Dep't of Homeland Sec.*,
    2022 WL 2199938 (C.D. Cal. Mar. 7, 2022) ........................................................................ 15

*Squeo v. Campbell Soup Co.*,
    2024 WL 4557680 (N.D. Cal. Oct. 22, 2024) ........................................................................ 6

*Svensrud v. Frito-Lay N. Am., Inc.*,
    2020 WL 8575056 (C.D. Cal. Dec. 21, 2020) .............................................................. 2, 3, 5, 6

*Thomas v. Costco Wholsale Corp.*,
    2014 WL 1323192 (N.D. Cal. Mar. 31, 2014) ........................................................................ 6

*Trammell v. KLN Enters., Inc.*,
    2024 WL 1722243 (S.D. Cal. Apr. 22, 2024) ................................................................. 2, 3, 6

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) .................................................................................................. 8

*Vitort v. The Kroger Co.*,
    2023 WL 3143690 (9th Cir. Apr. 28, 2023) ............................................................................ 8

*Vizcarra v. Michaels Stores, Inc.*,
    710 F. Supp. 3d 718 (N.D. Cal. 2024) .................................................................................. 14

*Whiteside v. Kimberly Clark Corp.*,
    108 F.4th 771 (9th Cir. 2024) ............................................................................................... 10

*Workman v. Plum Inc.*,
    141 F. Supp. 3d 1032 (N.D. Cal. 2015) ............................................................................... 15

*Zuchowski v. SFC Global Supply Chain, Inc.*,
    2022 WL 3586716 (S.D.N.Y. Aug. 22, 2022) ........................................................................ 4

**Statutes**

28 U.S.C. § 1332(d)(2) ................................................................................................................ 12

v

CONTINTENTAL MILLS'S REPLY ISO MTD
No. 5:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

I.      INTRODUCTION

Plaintiffs' Opposition confirms they cannot state a plausible claim that the "No Artificial . . . Preservatives" label on Continental Mills's Cinnamon Swirl Crumb Cake & Muffin Mix (Muffin Mix) deceives consumers. The Opposition highlights the fatal flaw requiring dismissal: ***Plaintiffs do not—and cannot—make a single non-conclusory factual allegation that the silicon dioxide used in the Muffin Mix is artificial or is a preservative.*** Speculation and innuendo implied from *other* alleged uses and *other* generalized contexts, which have nothing to do with the silicon dioxide used in the Muffin Mix, cannot bridge the gap as a matter of law and pleading. Despite this, Plaintiffs resort to dodging Ninth Circuit precedent setting mandatory pleading standards, mischaracterizing their own complaint, and citing a multitude of inapposite cases. Contrary to Plaintiffs' arguments, the Motion does not dispute factual allegations in the complaint; it points out the *lack* of factual allegations necessary to state a claim. Plaintiffs' smoke-and-mirrors "references" to "industry documents, peer-reviewed publications, and federal regulations and guidance" (Opp. 1)—none of which has anything to do with silicon dioxide as used in the Muffin Mix—does not push Plaintiffs' complaint over the line from speculative fiction to a viable pleading under Federal Rules of Civil Procedure 8 and 9.

Under established Ninth Circuit pleading standards, Plaintiffs cannot state a claim, and the Court should dismiss their complaint.[1]

II.     **THE COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM.**

As Continental Mills's Motion demonstrates, all of Plaintiffs' claims fail because they cannot plausibly plead consumer deception and they cannot plead reliance on the Muffin Mix's label. (Mot 6–15.) The Opposition does not rebut these grounds for dismissal.

A.      **The Muffin Mix's Label Does Not Deceive Reasonable Consumers.**

The Muffin Mix's "No Artificial . . . Preservatives" label cannot plausibly deceive reasonable consumers because (1) Plaintiffs do not plead any facts showing that the silicon

---

[1] To the extent required, Continental Mills reincorporates here its statement of issues and statement of facts. (*See* Mot. 2–4.)

CONTINTENTAL MILLS'S REPLY ISO MTD
No. 5:25-cv-06291-NW

1

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

dioxide functions as a preservative in the Muffin Mix; (2) Plaintiffs do not plead any facts showing that the silicon dioxide in the Muffin Mix is artificial; and (3) the Muffin Mix's back label fully discloses that silicon dioxide is an anticaking agent in the Muffin Mix's cinnamon topping.  (*See* Mot. 6–13.)

### 1. Plaintiffs Do Not Allege That Silicon Dioxide Functions as a Preservative in the Muffin Mix.

Continental Mills's Motion demonstrated the complaint omits facts showing that the silicon dioxide functions as a preservative in the Muffin Mix.  (*See* Mot. 7–10.)  Without any such facts, Plaintiffs cannot state a claim.  *See, e.g.*, *Pelayo v. Conagra Brands, Inc.*, 2024 WL 3544621, at *1 (N.D. Cal. May 2, 2024) ("wholly conclusory" speculation "unsupported by any facts" cannot state a claim); *Trammell v. KLN Enters., Inc.*, 2024 WL 1722243, at *4 (S.D. Cal. Apr. 22, 2024) (dismissing because plaintiff "has not alleged with sufficient particularity that the [ingredient] is artificial and functions as a flavor"); *Svensrud v. Frito-Lay N. Am., Inc.*, 2020 WL 8575056, at *4 (C.D. Cal. Dec. 21, 2020) (dismissing because plaintiff's "conclusory allegations [were] devoid of any facts"); *Figy v. Frito-Lay N. Am., Inc.*, 67 F. Supp. 3d 1075, 1090 (N.D. Cal. 2014) (dismissing because the plaintiff pled "nothing more than conclusory assertions").

In their Opposition, Plaintiffs resort to (a) trying to distinguish basic pleading standards, (b) mischaracterizing their complaint, (c) trying to twist a pleading issue into a fact issue, and (d) waving away FDA regulations.  Plaintiffs' arguments fail.

#### a. Plaintiffs Fail to Change Their Pleading Standards.

*First*, in the Motion, Continental Mills highlighted the uncontroversial and settled requirement that Plaintiffs must plead "sufficient facts to support a claim that [the] representation was actually false," as set forth in *Aloudi v. Intramedic Research Group, LLC*, 729 F. App'x 514, 516 (9th Cir. 2017) and *Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990 (9th Cir. 2014).  Plaintiffs' weak attempts to skirt settled law through false factual distinctions fail.

Plaintiffs fail to raise a material distinction as to *Aloudi v. Intramedic Research Group* (Opp. 9.)  Factual differences between *Aloudi* and this case do not change the pleading

2

CONTINTENTAL MILLS'S REPLY ISO MTD
No. 5:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  requirements *Aloudi* explains.  Nor can Plaintiffs challenge that where a labeling representation
2  implicates scientific issues, a plaintiff must support their allegations with scientific facts, and
3  those facts must *actually pertain to the product at issue.  E.g.*, *Aloudi*, 729 F. App'x at 516.
4  ("None of these allegations involves scientific testing of the actual JavaSLIM product or a
5  product with the same active ingredients as JavaSLIM, in a dose similar to that in JavaSLIM.")
6  (citation omitted).  It does not matter that *Aloudi* dealt with whether a weight loss pill was
7  clinically proven to assist with weight loss, *id.*—*Aloudi* explains basic pleading standards that
8  apply to Plaintiffs' claims.

9  Plaintiffs' attack on *Eclectic Properties East, LLC v. Marcus & Millichap Co.* likewise
10 raise distinctions without differences.  (Opp. 9.)   *Eclectic Properties East, LLC* holds a plaintiff
11 must allege actual *facts* giving rise to liability; the *possibility* that facts *might exist* cannot state a
12 claim.  751 F.3d at 998–99 (complaint that "alleges no specific facts supporting its conclusion"
13 and "does not tend to exclude a plausible and innocuous alternative explanation" cannot state a
14 claim).  *Eclectic Properties East, LLC*'s different factual context does not relieve Plaintiffs of
15 their pleading obligations.

16 Plaintiffs' attempts to distinguish cases applying these basic pleading standards to food
17 mislabeling claims (Opp. 10) fail for similar reasons.  Numerous cases establish that bare
18 conclusions without any supporting facts cannot state a claim.  *See, e.g.*, *Pelayo*, 2024 WL
19 3544621, at *1 ("wholly conclusory" speculation "unsupported by any facts" cannot state a
20 claim); *Trammell*, 2024 WL 1722243, at *4 (dismissing because plaintiff "has not alleged with
21 sufficient particularity that the [ingredient] is artificial and functions as a flavor"); *Svensrud*,
22 2020 WL 8575056, at *4 (dismissing because plaintiff's "conclusory allegations [were] devoid
23 of any facts"); *Figy*, 67 F. Supp. 3d at 1090 (dismissing because the plaintiff pled "nothing more
24 than conclusory assertions").  Plaintiffs cannot credibly contest that these cases establish basic
25 pleading standards that apply to their claims.  For example:

26 • Plaintiffs try to distinguish *Pelayo*'s requirement that plaintiffs plead facts
27 because, according to Plaintiffs, their complaint "provide[s] supported and detailed allegations

28

3
CONTINTENTAL MILLS'S REPLY ISO MTD
No. 5:25-cv-06291-NW

1   regarding the ingredient's function in the products at issue." (Opp. 10.) That does not

2   distinguish *Pelayo*—Plaintiffs do not, and cannot, point to any allegations in the complaint that

3   constitute "detailed allegations regarding [silicon dioxide's] function" *in the Muffin Mix*.

4   • Likewise, Plaintiffs cannot distinguish *Hu v. Herr Foods, Inc.* by arguing that

5   "plaintiff there failed to explicitly allege that the ingredient acted as a preservative in the product

6   at issue." (Opp. 11.) The same applies here, and therefore *Hu* is on point. In *Hu*, the plaintiff

7   alleged that "citric acid <u>in general</u>" can function as a preservative, 251 F. Supp. 3d 813, 821–22

8   (E.D. Pa. 2017); like the complaint here, plaintiffs in *Hu* lacked actual facts—as opposed to

9   conclusions and speculation—showing that citric acid actually extended the shelf-life of the

10  product at issue, *id.*

11  • Plaintiffs' attempt to distinguish *Zuchowski v. SFC Global Supply Chain, Inc.*

12  follows the exact same pattern—Plaintiffs acknowledge that the claims in *Zuchowski* failed

13  because "the plaintiff did 'not explain how [the ingredients at issue] operate as preservatives in

14  Defendant's product, frozen pizzas, as opposed to breads and baked goods." (Opp. 12, quoting

15  *Zuchowski*, 2022 WL 3586716, at *3 (S.D.N.Y. Aug. 22, 2022).) But that does not distinguish

16  *Zuchowski*. As in *Zuchowski*, Plaintiffs fail to allege how silicon dioxide functions as a

17  preservative in the Muffin Mix as opposed to how it might function in other foods.[2]

18  **b.    Plaintiffs Mischaracterize Their Complaint.**

19  *Second*, presumably because they misapply and misstate the applicable pleading

20  standards, Plaintiffs nonetheless cite allegations that they contend satisfy the requirement that

21  they plead actual facts showing that the silicon dioxide functions as a preservative in the Muffin

22  Mix. (Opp. 6–7.) None of those allegations meet the applicable pleading requirements that they

23  allege actual facts about the actual food and ingredients at issue *here*. For example:

---

[2] To the extent Plaintiffs attempt to distinguish out-of-circuit cases merely because they are out-of-circuit, that argument fails: the cases Continental Mills cites arise under common federal pleading standards and the same reasonable consumer standard, many cases from within the Ninth Circuit are in accord, and Plaintiffs themselves treat their New York General Business Law claims under the same standard as their California statutory claims.

4

CONTINTENTAL MILLS'S REPLY ISO MTD
No. 5:25-cv-06291-NW

**DAVIS WRIGHT TREMAINE** LLP
350 S. GRAND AVENUE, 27ᵀᴴ FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1     • Plaintiffs cite their allegation that "silicon dioxide preserves the shelf life of the Products and thus acts as a preservative, as it tends to prevent or retard deterioration." (Opp. 7, quoting Compl. ¶ 45.) But a bare conclusion cannot state a claim. *See, e.g.*, *Svensrud*, 2020 WL 8575056, at *4 (dismissing because plaintiff's "conclusory allegations [were] devoid of any facts"); *Figy*, 67 F. Supp. 3d at 1090 (dismissing because the plaintiff pled "nothing more than conclusory assertions").

   • Plaintiffs cite their allegation that silicon dioxide *in general* can function as an "anticaking agent, antioxidant, and humectant." (Opp. 7, quoting Compl. ¶ 45.) But this allegation says nothing about whether silicon dioxide serves any of these three functions *in the Muffin Mix*. And without more detail *about the Muffin Mix*, these three potential functions do not indicate that silicon dioxide is a preservative *in the Muffin Mix*. Plaintiffs allege that anticaking agents are flow-aids, but they fail to explain how ensuring the Muffin Mix's cinnamon topping flows freely provides anything more than convenience to consumers (Compl. ¶ 44; *see also* Opp. 14 (silicon dioxide has "superior flow properties")); Plaintiffs allege that antioxidants "impede rotting," but Plaintiffs do not allege that the cinnamon topping here, primarily composed of sugar, has any risk of rotting absent silicon dioxide (Compl. ¶ 44); and Plaintiffs allege that "humectants prevents things from drying out" (*id.*) but omit any explanation of how preventing the cinnamon topping from "drying out" could extend the Muffin Mix's shelf-life.

   • Plaintiffs cite their allegation that silicon dioxide reduces "humidity-related spoilage" in "powdered foods, like the [Muffin Mix]." (Opp. 7, quoting Compl. ¶ 49.) But, as noted above, Plaintiffs allege that silicon dioxide functions as a humectant that "prevents things from drying out" (Compl. ¶ 44), so it is unclear how silicon dioxide could also reduce "humidity-related spoilage," to say nothing of the fact that Plaintiffs never allege that the Muffin Mix's cinnamon topping is prone to "humidity related spoilage." In any case, allegations about foods "like the [Muffin Mix]" are inapposite; Plaintiff's complaint omits any analysis of how silicon dioxide functions *in the Muffin Mix* itself.

CONTINTENTAL MILLS'S REPLY ISO MTD
No. 5:25-cv-06291-NW

5

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    None of the allegations Plaintiffs cite establishes that Plaintiffs plead any facts

2 substantiating their speculation that the silicon dioxide is a preservative in the Muffin Mix.

3                              **c.    None of Plaintiffs' Cases Applies.**

4    *Third*, in an attempt to distract from their failure to *plead facts* sufficient to state a claim,

5 Plaintiffs pivot to three pages worth of bullet point case citations supporting the proposition that

6 "whether an ingredient functions as a preservative or, similarly, a flavoring agent is a factual

7 question not suitable for resolution on a motion to dismiss."  (Opp. 7–9.)  None of Plaintiffs'

8 cases applies—again, Continental Mills does not argue that fact issues can be resolved at the

9 pleading stage; rather Continental Mills contends that Plaintiffs have not pled sufficient (or any)

10 facts to state a plausible claim.  Plaintiffs make no effort to compare the pleadings in the cases

11 they cite to their own complaint, and each of Plaintiffs' cases is distinguishable because those

12 cases involved complaints that included actual facts supporting the plaintiff's claims or at least

13 exclude alternate functions for the ingredient.  *See, e.g.*, *Gitson v. Trader Joe's Co.*, 2014 WL

14 1048640, at *4 (N.D. Cal. Mar. 14, 2014) (alternate use was "contrary to the SAC's

15 allegations"); *Squeo v. Campbell Soup Co.*, 2024 WL 4557680, at *6 (N.D. Cal. Oct. 22, 2024)

16 (allegation characterizing the "level[]" of citric acid required for a preservative function).[3]  In

17 contrast to the cases Plaintiffs cite, Continental Mills's Motion does not contradict any facts

18 Plaintiffs plead—rather, Plaintiffs *fail to plead* facts necessary to state a claim.  Courts routinely

19 dismiss complaints for that reason.  *Pelayo*, 2024 WL 3544621, at *1; *Trammell*, 2024 WL

20 1722243, at *4; *Svensrud*, 2020 WL 8575056, at *4; *Figy*, 67 F. Supp. 3d at 1090.

21                              **d.    FDA Regulations Support Continental Mills's Position.**

22    *Finally*, Plaintiffs cannot save their claims by waving away the fact that the FDA

23 considers anticaking agents to be distinct from preservatives.  The parties do not dispute that

24 silicon dioxide prevents caking in the Muffin Mix; Plaintiffs fail to allege that this makes it a

---

[3] Many of Plaintiffs' cases are also procedurally inapposite, *e.g.*, *Clark v. Hershey Co.*, 2019 WL 2288041, at *3 (N.D. Cal. May 29, 2019) (denying summary judgment), or are unpersuasive because they contain no analysis, *e.g.*, *Thomas v. Costco Wholesale Corp.*, 2014 WL 1323192, at *9 (N.D. Cal. Mar. 31, 2014) (concluding without analysis that a slew of issues were "inappropriate to resolve at the motion to dismiss stage").

6
CONTINTENTAL MILLS'S REPLY ISO MTD
No. 5:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  preservative, and FDA regulations distinguish anticaking agents from preservatives. (*See* Mot.
2  9.) Plaintiffs' argument that "numerous courts have held that FDA regulations are not a stand-in
3  for consumer deception" (Opp. 13) makes no sense given Plaintiffs' attempt to rely on FDA
4  regulations to establish that silicon dioxide is a preservative (*id.* at 6–7 (citing the FDA definition
5  of preservative); *id.* at 14 (purporting to rely on "FDA sources")). In any event, Plaintiffs cannot
6  dispute FDA regulations distinguish anticaking agents from preservatives, which means that
7  Plaintiffs must—but do not—allege that silicon dioxide actually has preservative properties in
8  the Muffin Mix. Plaintiffs may be correct that "nothing in the FDA's regulatory framework
9  prohibits dual use" as a preservative and anticaking agent (Opp. 13)—but that only underscores
10 Plaintiffs' failure to plead facts establishing that the silicon dioxide in the Muffin Mix is a
11 preservative and not just an anticaking agent.

12         **2.**        **Plaintiffs Do Not Allege That the Silicon Dioxide is Artificial.**

13     The Motion also shows that Plaintiffs cannot establish plausible consumer deception
14 because they fail to plead the Muffin Mix contains artificial silicon dioxide. (Mot. 10–13.)
15 Plaintiffs admit that "silicon dioxide can be natural or artificial." (Opp. 19.) But the complaint
16 contains no facts showing that the silicon dioxide in the Muffin Mix is the artificial variety.
17 None of the counterarguments in Plaintiffs' Opposition have merit.

18         **a.**        **Plaintiffs Mischaracterize Their Complaint.**

19     *First*, Plaintiffs argue that "the Complaint explains in detail why the silicon dioxide in the
20 Products is artificial." (Opp. 14.) That misstates the complaint's contents. Plaintiffs'
21 Opposition cites numerous allegations about silicon dioxide *in general*. (Opp. 14–15, citing
22 Compl. ¶¶ 25, 29, 32, 33, 34, 35, 37, 39, 44; Opp. 19, citing Compl. ¶ 37.) But none of these
23 allegations have anything to do with the silicon dioxide in the Muffin Mix, and allegations about
24 silicon dioxide *in general* cannot state a claim. The only allegation the Opposition cites that
25 actually mentions the Muffin Mix is nothing more than a bare conclusion. (Opp. 14, citing
26 Compl. ¶ 27 ("[T]he Silicone Dioxide in the Products is artificial because it is made using
27 synthetic processing.").) Conclusory allegations cannot state a claim. *See, e.g.*, *Pelayo*, 2024

28

7

CONTINTENTAL MILLS'S REPLY ISO MTD
No. 5:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   WL 3544621, at *1 (dismissing claim that citric acid was artificial as "wholly conclusory and
2   unsupported by any facts"); *Robie v. Trader Joe's Co.*, 2021 WL 2548960, at *5 (N.D. Cal. June
3   14, 2021) ("[C]onclusory allegations that the flavoring is artificial are insufficient to state a
4   claim.").

### b. Processing Does Not Make a Natural Ingredient Artificial.

*Second*, Plaintiffs argue that silicon dioxide *must* be artificial because (they say) reasonable consumers consider *every* ingredient that undergoes "significant modification from its natural state" to be artificial. (Opp. 14, citing Compl. ¶ 26 (alleging that every ingredient that has been "modified in some way" is artificial.)  But, applying basic common sense, courts in the Ninth Circuit have thoroughly and repeatedly rejected the notion that processing alone makes a product artificial. *See, e.g.*, *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 978 (C.D. Cal. 2013) ("All Natural" pasta did not deceive consumers because shoppers would not expect "natural" pasta to "spring[] fully-formed from Ravioli trees and Tortellini bushes"); *see also Vitort v. The Kroger Co.*, 2023 WL 3143690, at *1 (9th Cir. Apr. 28, 2023) (no consumer deception based on processed fruit-derived ingredients in "Just Fruit" spread because "spreadable fruit products, which also do not exist in nature, necessarily contain ingredients other than the crushed reproductive bodies of a seed plant") (quotation cleaned up).  The Muffin Mix contains flour, sugar, and soybean oil as well as silicon dioxide. (Compl. ¶¶ 4, 5.)  But the manufacturing process does not make those ingredients artificial.

Indeed, Plaintiffs' own cited documents establish that "*natural*" silicon dioxide derives from a "manufacturing process"—a fact that undermines their position that manufactured means not natural. (RJN Ex. A at 3 (synthetic amorphous silica is "[d]erived from this most abundant *natural* raw material on earth" through a "manufacturing process [that] converts the quite inhomogeneous *natural* raw material sand into" synthetic amorphous silica) (emphasis added).)[4]

---

[4] Plaintiffs try to avoid the very documents they chose to incorporate into their complaint. (*See* Opp. 15 & n.4.)  But documents Plaintiffs quote and cite in the complaint can be considered for their factual content.  A court "may treat [documents incorporated by reference] as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Indeed, "incorporation-by-reference

8
CONTINTENTAL MILLS'S REPLY ISO MTD
No. 5:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

In any case, no reasonable consumers would consider as "artificial" naturally derived ingredients in packaged Muffin Mix just because they are processed. As Continental Mills's Motion notes (Mot. 12), numerous cases hold that reasonable consumers do not expect manufactured foods, like the Muffin Mix, to be composed of unprocessed ingredients. Boxed mixes are inherently processed, but their constituent ingredients are not *ipso facto* artificial.

### c. Allegations that Silicon Dioxide *Might* Be Artificial Cannot State a Claim.

*Third*, Plaintiffs argue that probabilistic allegations that silicon dioxide *might* be artificial state a claim. (*See* Opp. 14.) But Plaintiffs cannot state a claim by alleging a probability that a fact giving rise to liability *might* exist—rather, Plaintiffs must plead *facts* giving rise to liability. *See Eclectic Props. E., LLC*, 751 F.3d at 998–99 (complaint that "alleges no specific facts supporting its conclusion" and "does not tend to exclude a plausible and innocuous alternative explanation" cannot state a claim); *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) ("When faced with two possible explanations, only one of which can be true and only one of which results in liability, . . . more is needed . . . to render plaintiffs' allegations plausible within the meaning of *Iqbal* and *Twombly*.") (citation omitted). In any event, Plaintiffs base their probability argument on their allegation that "synthetic amorphous silica" accounts for 90% of the silicon dioxide in food. (Opp. 14, citing Compl. ¶¶ 32, 35.) But, according to Plaintiffs' own documents, synthetic amorphous silica derives from natural materials. (*See* Mot. 10–11; RJN Ex. A at 3.) Reasonable consumers therefore do not consider it artificial.

### d. Plaintiffs Cite Inapposite Cases.

*Finally*, Plaintiffs again resort to bullet points of inapplicable cases supporting the proposition that "whether an ingredient is 'artificial' is a fact intensive question that cannot be

---

. . . treats certain documents as though they are part of the complaint itself" in order to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (citation omitted). This is the quintessential case for incorporation by reference—the scientific sources Plaintiffs quote, cite, and rely on must be incorporated by reference into the complaint to prevent Plaintiffs from presenting a selective, biased, and inaccurate reading of the documents. In any event, Plaintiffs do not appear to contest seriously that silicon dioxide can be derived from natural sources.

CONTINTENTAL MILLS'S REPLY ISO MTD
No. 5:25-cv-06291-NW

9

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  resolved on a motion to dismiss." (Opp. 15–16.) None of their cases, which involved more
2  specific and detailed allegations than the complaint here, applies. Continental Mills's Motion
3  does not argue that Plaintiff is *wrong* on the facts; rather, Continental Mills has shown that
4  Plaintiff has not *alleged any facts* that the silicon dioxide *in the Muffin Mix* is artificial. (Mot.
5  10–13.) Their claims therefore necessarily fail.

### 3. Reasonable Consumers Consider the Muffin Mix's Full Label.

Plaintiffs also cannot escape the fact that the Muffin Mix's back label fully discloses that the cinnamon topping contains silicon dioxide, along with the silicon dioxide's function in the Muffin Mix as an anticaking agent. (*See* Mot. 13.) Under binding Ninth Circuit precedent, when "a front label is ambiguous, the ambiguity can be resolved by reference to the back label." *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1099 (9th Cir. 2023).

*First*, Plaintiffs argue that reasonable consumers do not find the Muffin Mix label ambiguous because it is not "vague" or is susceptible to multiple meanings. (Opp. 18–19). Not so, but that does not matter—that does not determine ambiguity here. The Ninth Circuit considers a product label ambiguous when a reasonable consumer would necessarily require more information to determine its meaning. *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 782 (9th Cir. 2024) (citing *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021)). Here, because "silicon dioxide can be natural or artificial" (Opp. 19) and silicon dioxide has numerous uses in foods (Compl. ¶ 43), reasonable consumers necessarily "require more information" before jumping to the unsupported conclusion that the "No Artificial . . . Preservatives" label indicates the absence of silicon dioxide in the Muffin Mix. *See Moore*, 4 F.4th at 882; *see also Garland v. The Kroger Co.*, 2025 WL 474914, at *9 (S.D. Cal. Feb. 12, 2025) (holding that that a reasonable consumer would "'necessarily require more information'" before concluding that labels claiming a food was "naturally flavored" and "made with real fruit" indicated that the food did not contain synthetically derived malic acid) (quoting *Moore*, 4 F.4th at 882).

*Second*, Plaintiffs argue that the Muffin Mix's back label does nothing to dispel deception because the back label "does not inform consumers whether the ingredient is artificial or natural"

CONTINTENTAL MILLS'S REPLY ISO MTD
No. 5:25-cv-06291-NW
10
DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

and consumers would not "understand that an anticaking agent can also function as a preservative." (Opp. 19.) But Plaintiffs miss the point—Plaintiffs claim that reasonable consumers would think the Muffin Mix does not contain silicon dioxide and would have paid less for the Muffin Mix or not bought it had they known it contained silicon dioxide. (Compl. ¶ 54.) The back label clears up any such confusion. In any case, Plaintiffs' acknowledgement that silicon dioxide has many different potential functions in food (Compl. ¶ 43) and silicon dioxide can be either artificial or natural (Opp. 19) underscores their failure to plead facts showing that the silicon dioxide in the Muffin Mix is artificial or a preservative.

### B.  Plaintiffs Do Not Plead Reliance.

Plaintiffs also fail to establish that they plead reliance. Plaintiffs' bare conclusion that they "saw and relied" on the Muffin Mix's label cannot state a claim. (Compl. ¶ 59; Mot. 14 (citing cases).) Plaintiffs respond by citing a slew of allegations from the complaint. (Opp. 20, citing Compl. ¶¶ 6, 20, 42–50, 51, 55–58, 59–60, 92.) These allegations might allege generally that Plaintiffs bought Muffin Mix and that they would have paid less for it had they known it contained silicon dioxide. But they do not contain any facts about *how* Plaintiffs understood the "No Artificial . . . Preservatives" label or how that statement caused their purchases. Without those allegations, Plaintiffs do not plead reliance. As the Motion notes, Plaintiffs may not "plead[] reliance in a conclusory manner and merely regurgitate[] the statements that allegedly induced reliance." *Mazur v. eBay Inc.*, 2008 WL 618988, at *13 (N.D. Cal. Mar. 4, 2008).

## III.  IF THE COMPLAINT SURVIVES (IT SHOULD NOT), THE COURT SHOULD LIMIT PLAINTIFFS' CLAIMS.

Plaintiffs' Opposition fails to show that the Court should not limit Plaintiffs' claims if it does not dismiss the complaint outright.

### A.  This Court Lacks Jurisdiction Over Plaintiffs' New York Claims.

The Court lacks personal jurisdiction over Plaintiffs' New York claims because those claims arise from Muffin Mix purchases in New York, not California. (Mot. 15–16.) In response, Plaintiffs rely on arguments that numerous courts have already rejected. (Opp. 22–23.)

CONTINTENTAL MILLS'S REPLY ISO MTD
No. 5:25-cv-06291-NW

11

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*First*, Plaintiffs argue that the Court should exercise pendent party jurisdiction. (*See* Opp. 22.) But "[n]early every court considering the issue has concluded pendent party jurisdiction cannot be exercised by a federal court sitting in diversity." *LeGrand v. Abbott Labs.*, 655 F. Supp. 3d 871, 885 (N.D. Cal. 2023) (internal quotation marks omitted); *King v. Bumble Trading, Inc.*, 2020 WL 663741, at *6 (N.D. Cal. Feb. 11, 2020) ("[T]he weight of authority weighs heavily against the exercise of pendent jurisdiction in a diversity case such as this one.") (citation omitted). This Court sits in diversity: Continental Mills removed this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), which affords federal district courts original jurisdiction over certain class actions based on diversity. *See, e.g., Garland*, 2025 WL 474914, at *6, n.4 (refusing to exercise pendent party jurisdiction in CAFA action because "the jurisdictional basis for this matter is diversity, not federal question"); *Hellman v. Polaris Indus., Inc.*, 2022 WL 484908, at *3 (E.D. Cal. Feb. 16, 2022), reconsideration denied, 2022 WL 3019916 (E.D. Cal. July 29, 2022) (declining to exercise pendent personal jurisdiction). Plaintiffs cite *Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, but that case merely adopts the doctrine of pendent personal jurisdiction for *federal question* cases. 368 F.3d 1174, 1180–81 (9th Cir. 2004). *Action Embroidery Corp.* does not authorize courts sitting in diversity to exercise pendent party jurisdiction. And to the extent *Lentz v. Sanderson Farms, Inc.* departs from precedent in its exercise of pendent party jurisdiction, later published cases in this District affirmatively contradict it. 2020 WL 12656231, at *5 (N.D. Cal. Feb. 10, 2020).

*Second*, Plaintiffs argue that *Bristol-Myers Squibb Co. v. Superior Court* does not control. (Opp. 22.) But "the overwhelming majority of federal courts that have considered it, in this district and across the count[r]y, have held that *Bristol-Myers* applies to claims brought by named plaintiffs in class actions." *Goldstein v. Gen. Motors LLC*, 445 F. Supp. 3d 1000, 1011-12 (S.D. Cal. 2020) (dismissing claims of non-California named plaintiffs for lack of personal jurisdiction). Mountains of cases dismiss out-of-state claims on this basis. *See, e.g.*, *Andrade-Heymsfield v. Danone US, Inc.*, 2019 WL 3817948, at *3 (S.D. Cal. Aug. 14, 2019) (dismissing New York state law claims of "New York resident who purchased and consumed the Coconut

12

CONTINTENTAL MILLS'S REPLY ISO MTD
No. 5:25-cv-06291-NW

Milk in New York [and] seeks to represent a class of plaintiffs who reside in and purchased the Coconut Milk in New York"); *LeGrand*, 655 F. Supp. 3d at 883 (no personal jurisdiction in California over claims by New York named plaintiff); *Pilgrim v. Gen. Motors Co.*, 408 F. Supp. 3d 1160, 1168 (C.D. Cal. 2019) (dismissing "claims against GM that arise entirely from out-of-state activities that have no connection to California . . . ."); *Reitman v. Champion Petfoods USA, Inc.*, 2018 WL 4945645, at *5 (C.D. Cal. Oct. 10, 2018) (no personal jurisdiction over "nonresident named plaintiffs' state-law claims" because "no nonresident Plaintiff states that she purchased [the product] in California, saw [the product's] labels in California, or suffered any injury in California"). Continental Mills's contacts with New York cannot create personal jurisdiction in California. Overwhelming authority supports this position.

### B. The Court Should Dismiss Plaintiffs' Breach of Warranty Claim.

Plaintiffs also argue that they can state a claim for breach of express warranty without identifying which state's laws apply. (Opp. 23.) But "failure to allege which state law governs a common law claim is grounds for dismissal." *In re Samsung Galaxy Smartphone Mktg. & Sales Pracs. Litig.*, 2018 WL 1576457, at *4 (N.D. Cal. Mar. 30, 2018); *Augustine v. Talking Rain Beverage Co.*, 386 F. Supp. 3d 1317, 1333 (S.D. Cal. 2019) (dismissing due to "failure to identify which state laws govern . . . common law claims"). Plaintiffs ignore this authority and instead argue that Continental Mills has not "demonstrated that the laws governing breach of express warranty vary substantially across states." (Opp. 23.) Not so. As stated in the Motion, "[c]ourts regularly find that express warranty law differs from state to state." (Mot. 17–18, citing *DeArmey v. Hawaiian Isles Kona Coffee Co.*, 2019 WL 6723413, at *3 (C.D. Cal. July 22, 2019) ("As to implied and express warranty claims, material differences exist from state to state.")); *see also Augustine*, 386 F. Supp. 3d at 1333 ("[T]here may be (and likely are) differences from state to state regarding issues such as applicable statute of limitations and various equitable defenses[.]") (quotation marks omitted). The sole case Plaintiffs cite does not apply because defendant in that case did not argue that express warranty claims vary between states. *McKinney*

13

CONTINTENTAL MILLS'S REPLY ISO MTD
No. 5:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*v. Corsair Gaming, Inc.*, 2022 WL 2820097, at *5, n.2 (N.D. Cal. July 19, 2022). Plaintiffs cannot proceed with a common law claim without identifying the legal basis for that claim.

### C. The Court Should Dismiss or Strike Plaintiffs' Nationwide Class Claim.

Plaintiffs' nationwide class claim should be dismissed or struck because named Plaintiffs from California and New York cannot represent class members whose claims arise under the laws of 48 other states. (Mot. 17–18.)

Plaintiffs argue that the Court should not prematurely dismiss or strike their nationwide class allegations. (Opp. 23–24.) But courts decline to wait until class certification where pleadings make it "sufficiently obvious" that a nationwide class cannot be certified. *See Route v. Mead Johnson Nutrition Co.*, 2013 WL 658251, at *8–9 (C.D. Cal. Feb. 21, 2013) (striking); *Carpenter v. PetSmart, Inc.*, 441 F. Supp. 3d 1028, 1041 (S.D. Cal. 2020) (dismissing); *Harris v. CVS Pharm., Inc.*, 2015 WL 4694047, at *4 (C.D. Cal. Aug. 6, 2015) (dismissing).

Next, Plaintiffs argue that the Court should not undertake an "intensive inquiry" regarding choice of law. (Opp. 24.) Fortunately, the Court can rely on the work of numerous courts that have already analyzed the issue. Overwhelming precedent establishes that the putative nationwide class's common law warranty claims arise under the laws of the states in which putative nationwide class members made their purchases. *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589–94 (9th Cir. 2012), *overruled on other grounds by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 682 n.32 (9th Cir. 2022); *Chebul v. Tuft & Needle, LLC*, 2024 WL 5257021, at *5 (C.D. Cal. Oct. 9, 2024) ("[S]everal district courts in this circuit have held that *Mazza* precludes certification of a nationwide class for breach of express warranty claims."); *DeArmey*, 2019 WL 6723413, at *3.

The cases Plaintiffs cite have no bearing on this case. (*See* Opp. 23–24.) Plaintiffs cite *Vizcarra v. Michaels Stores, Inc.* for the proposition that court disfavor motions to strike (Opp. 23), but this Court may instead follow other courts in dismissing the class claims. *E.g., Carpenter*, 441 F. Supp. 3d at 1041. *Vizcarra* also substantively differs from this case: unlike here, "none of Ms. Vizcarra's claims invoke[d] the laws of states other than California." 710 F.

14

CONTINTENTAL MILLS'S REPLY ISO MTD
No. 5:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Supp. 3d 718, 733 (N.D. Cal. 2024). *Miller v. Ghiradelli Chocolate Co.* is completely

2  inapposite. *Miller* analyzed only whether a plaintiff had standing to bring claims for products he

3  did not purchase, not whether he had standing to bring claims under the laws of foreign states he

4  on behalf of consumers other consumers. *See* 912 F. Supp. 2d 861, 871 (N.D. Cal. 2012). In any

5  event, the court in *Miller* held plaintiff did <u>not</u> have standing. *Id.*

### D. The Court Should Dismiss or Strike Plaintiffs' Claim for Punitive Damages.

Plaintiffs admit in opposition that they do not seek punitive damages. (Opp. 24 ("[T]he Complaint does not reference punitive damages[.]").) Nonetheless, Plaintiffs "reserve the right to seek such relief at the appropriate stage of this litigation" and cite several cases in the Ninth Circuit declining to dismiss a prayer for punitive damages. (Opp. at 24–25.) However, courts within the Ninth Circuit often dismiss or strike prayers for punitive damages where the complaint lacks "non-conclusory allegations that an officer, director or managing agent of the defendant authorized or ratified the conduct that constitutes malice, fraud or oppression." *Rozier v. Dep't of Homeland Sec.*, 2022 WL 2199938, at *3 (C.D. Cal. Mar. 7, 2022) (internal quotation marks and citation omitted). To the extent Plaintiffs seek punitive damages, the Court should dismiss or strike Plaintiffs' prayer for punitive damages for that reason.

## IV. AMENDMENT WOULD BE FUTILE.

Plaintiffs request leave to amend their deficient complaint. (Opp. 25.) But while leave to amend should be granted freely, "[f]utility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (internal quotation marks omitted). Where, as here, "the labels at issue are not deceptive, and the labels themselves cannot be changed by a new complaint, any amendment would be futile." *Workman v. Plum Inc.*, 141 F. Supp. 3d 1032, 1037 (N.D. Cal. 2015). The Court should not allow Plaintiffs to amend.

Dated: September 19, 2025

DAVIS WRIGHT TREMAINE LLP
By: /s/ *Jacob M. Harper*
    Jacob M. Harper
*Attorneys for Defendant Continental Mills, Inc.*

CONTINTENTAL MILLS'S REPLY ISO MTD
No. 5:25-cv-06291-NW

15

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899