UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLIE LYSKOSKI, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CONTINENTAL MILLS, INC.,<br><br>　　　　Defendant. | Case No. 25-cv-06291-NW<br><br>**ORDER DENYING AND GRANTING MOTION TO DISMISS IN PART**<br><br>Re: ECF No. 14 |

On August 29, 2025, Defendant Continental Mills, Inc. filed a motion to dismiss, or in the alternative, to strike the complaint. ECF No. 14. Having considered the parties' briefs and the relevant legal authority, the Court concluded oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and DENIES and GRANTS the motion in part.

**I.　BACKGROUND**

**　　A.　Factual Background[1]**

On June 3, 2025, Plaintiffs Carlie Lyskoski, Kendall Hill, Michele Tucker, and Taylor Ambroisno ("Plaintiffs") filed a putative consumer class action lawsuit against Defendant Continental Mills. Continental Mills "manufactures, distributes, advertises, markets, and sells Krusteaz® Cinamon Swirl Crumb Cake & Muffin Mix." ECF No. 1-1 ¶ 2.[2] As shown below, the muffin mix packaging claims it contains "NO ARTIFICIAL Flavors · Colors · Preservatives." *Id.*

---

[1] The factual background is drawn from Plaintiffs' complaint, filed with Defendant's notice of removal. *See* ECF Nos. 1, 1-1.

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

 

Because the muffin mix is made with silicon dioxide, "an artificial preservative ingredient used in food and beverage products," Plaintiffs allege the packaging is false. *Id.* ¶ 3.

Based on the front label of the muffin mix, Plaintiffs' allege reasonable consumers are mislead into believing that the mix does not contain any artificial preservative ingredients. *Id.* ¶ 20. Plaintiffs relied on the "NO ARTIFICIAL Flavors · Colors · Preservatives" when purchasing the muffin mix. *Id.* ¶¶ 52, 59. "Plaintiffs would not have purchased the Products, or would have paid less for the Products, had they known that the Products actually contain the artificial preservative Silicon Dioxide in direct contradiction to Defendant's 'No Artificial Preservatives' promise." *Id.* ¶ 59. Plaintiffs claim they suffered injury because they spent money to purchase the products they would not have purchased, or would have paid less for them, had Plaintiffs known they contained preservatives. ECF No. 1-1 ¶ 60. Plaintiffs also assert they would purchase the products again if the labels were accurate and the muffin mix was free from artificial preservatives or if the label no longer contained the representation. *Id.* ¶ 61.

Plaintiffs seek to represent a class of all U.S. citizens who purchased the Defendant's muffin mixes in their respective state of citizenship for personal and household use and not for

2

1  resale during the class period (the "Nationwide Class"). *Id.* ¶ 74. Plaintiffs also seek to represent
2  subclasses of California and New York citizens (the "California Class" and the "New York Class"
3  respectively). *Id.*

### B. Procedural History

On June 3, 2025, Plaintiffs sued Defendant in Santa Cruz Superior Court on five causes of action: (1) violation of California's Consumers Legal Remedies Act (CLRA) pursuant to California Civil Code §§ 1750 *et seq.*; (2) violation of California's Unfair Competition Law (UCL) per California Business & Professions Code §§ 17200 *et seq.*; (3) breach of express warranty; (4) violation of New York's General Business Law (GBL) § 349; and (5) violation of New York GBL § 350. *See* ECF No. 1-1 at 2. On July 25, 2025, Defendant removed the case to the Northern District of California. ECF No. 1.

After agreeing to an extension of time for Defendant to respond to the complaint, Defendant filed a motion to dismiss and request for judicial notice on August 29, 2025. ECF No. 14. Plaintiffs opposed. ECF No. 15. Defendant filed a reply in further support of its motion on September 19, 2025. ECF No. 16.

## II. INCORPORATION BY REFERENCE

Fashioned as a request for judicial notice, Defendant asks that the Court incorporate by reference Exhibits A and B, attached to the declaration Jacob M. Harper. ECF No. 14-1 at 2. Exhibit A is a brochure titled "Evonik Silica, Essential, Sustainable, and Safe," and available online. ECF No. 14-2 at 2. Exhibit B is an online article from the Association of Synthetic Amorphous Silica Producers titled "Synthetic Amorphous Silica explained." *Id.* Both are cited in Plaintiffs' complaint. *See* ECF No. 1-1 ¶¶ 35, 37.

When assessing the sufficiency of a complaint under Federal Rule of Civil Procedure 12(b)(6), district courts generally cannot consider material outside of the pleadings. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). However, this prohibition does not apply to the judicial notice doctrine under Federal Rule of Evidence 201 or the incorporation by reference doctrine. *Id.*

Unlike judicial notice, incorporation by reference is a "doctrine that treats certain

1    documents as though they are part of the complaint itself." *Id.* at 1002.  It "prevents plaintiffs
2    from selecting only portions of documents that support their claims, while omitting portions of
3    those very documents that weaken—or doom—their claims." *Id.*  A document "may be
4    incorporated by reference into a complaint if the plaintiff refers extensively to the document or the
5    document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908
6    (9th Cir. 2003).  Once incorporated by reference, a district court "may assume that its contents are
7    true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.*  However, "it is improper to
8    assume the truth of an incorporated document if such assumptions only serve to dispute facts
9    stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003.

10          Here, Plaintiffs' complaint incorporates Exhibits A and B by reference because they are
11   explicitly and specifically referenced.  Accordingly, the Court incorporates Exhibits A and B by
12   reference subject to *Khoja*'s restrictions that they do not "dispute facts stated in a well-pleaded
13   complaint." *Khoja*, 899 F.3d at 1003.

14   **III.    LEGAL STANDARD**

15          **A.      Failure to State a Claim Under Rule 12(b)(6)**

16          To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to
17   relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The
18   Court must "accept all factual allegations in the complaint as true and construe the pleadings in the
19   light most favorable to the [plaintiff]." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).
20   However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to
21   threadbare recitals of a cause of action's elements, supported by mere conclusory statements."
22   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

23          Under Rule 9(b), allegations of fraud or mistake must be pled "with particularity."  Fed. R.
24   Civ. P. 9(b).  "A pleading is sufficient under Rule 9(b) if it identifies the circumstances
25   constituting fraud so that the defendant can prepare an adequate answer from the allegations."
26   *Neubronner v. Milken*, 6 F.3d 666, 671-72 (9th Cir. 1993) (citations and quotations omitted).  This
27   includes pleading "the who, what, when, where, and how of the misconduct charged." *Whiteside*
28   *v. Kimberly Clark Corp.*, 108 F.4th 771, 785 (9th Cir. 2024) (citation and quotations omitted).

4

1    If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

### B.   Lack of Personal Jurisdiction Under Rule 12(b)(2)

"It is the plaintiff's burden to establish jurisdiction." *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 473 (9th Cir. 1995). When a district court acts without hearing testimony or making findings of fact, "the plaintiff need only make a prima facie showing of jurisdiction" to survive a jurisdictional challenge on a motion to dismiss. *Id*. While the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (internal quotation marks omitted), the Court must resolve conflicts between the facts contained in the parties' affidavits in the plaintiff's favor. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

### C.   Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. As the party invoking the jurisdiction of the federal court, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). A complaint will be dismissed if, looking at the complaint in its totality, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When a complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *Pride v. Correa,* 719 F.3d 1130, 1133 (9th Cir. 2013). Thus, a district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6). *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride*, 719 F.3d at 1133).

5

### D. Motion to Strike Under Rule 12(f)

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) "motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

## IV. DISCUSSION

Defendant advances several arguments in support of its motion to dismiss or strike. First, Defendant argues that all Plaintiffs' claims be dismissed under Rule 12(b)(6) because Plaintiffs fail to plead that the muffin mix label would deceive reasonable consumers and that Plaintiffs relied on the label when making purchases. ECF No. 14 at 2. In the alternative, Defendant argues that Plaintiffs' GBL claims (fourth and fifth causes of action) be dismissed for lack of personal jurisdiction under 12(b)(1). *Id.* Defendant also asserts that Plaintiffs' breach of warranty claim (third cause of action) be dismissed per Rule 12(b)(6) for failing to identify which law governs the claim. *Id.* Additionally, Defendant requests that Plaintiffs' putative nationwide class action claims be dismissed or stricken pursuant to Rule 12(b)(1) (lack of subject matter jurisdiction), 12(b)(6), or 12(f). *Id.* Finally, Defendant argues that Plaintiff's prayer for punitive damages is improper and should be dismissed under Rule 12(b)(6) or stricken under Rule 12(f). *Id.* The Court addresses each in turn.

### A. Failure to State a Claim Under Rule 12(b)(6)

#### 1. Defendant's Arguments as to All Claims

To start, Defendant argues that Plaintiffs' entire complaint should be dismissed under Rule 12(b)(6) for failing to plead consumer deception and reliance. The Court disagrees and declines Defendant's request to dismiss the complaint in full.

First, Defendant argues that its muffin mix label is not deceptive because Plaintiffs do not plead facts supporting their claim that the silicon dioxide is either artificial or a preservative, and because reasonable consumers would consider the muffin mix's full label and not be deceived. ECF No. 14 at 13-20. Both arguments are factual in nature and therefore inappropriate for a

6

1    motion to dismiss; the Court addresses each below.

2          Here, Plaintiffs plead sufficient facts supporting their assertions that silicon dioxide is both
3    artificial and a preservative. For example, the complaint alleges that silicon dioxide is "artificial
4    because it is made using synthetic processing." ECF No. 1-1 ¶ 27; *see also id.* ¶¶ 25-39.
5    Plaintiffs also allege that "[b]y acting as an anti-caking agent (which Defendant specifically notes
6    as its function on the back label), antioxidant, and humectant, Silicon Dioxide preserves the shelf-
7    life of the Products and thus acts as a preservative, as it tends to prevent or retard deterioration."
8    ECF No. 1-1 ¶ 45. Plaintiffs further describe how silicon dioxide functions as a preservative,
9    consistent with the FDA definition. *See id.* ¶¶ 42-44, 46-51. At the motion to dismiss stage, the
10   Court accepts these factual allegations as true, as it must, and construes the complaint in the light
11   most favorable to Plaintiffs. *Knievel*, 393 F.3d at 1072. Thus, Defendant's motion to dismiss is
12   denied on this point.

13         Defendant next argues that a reasonable consumer, looking at the whole muffin mix label,
14   would not be deceived by the claim of "NO ARTIFICIAL Flavors · Colors · Preservatives." ECF
15   No. 14 at 20. The CLRA, UCL, and GBL all employ a "reasonable consumer standard."
16   *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995); *Orlander v. Staples, Inc.*, 802 F.3d 289,
17   300 (2d Cir. 2015) (the New York Court of Appeals adopted "an objective definition of
18   misleading" where the alleged act is "likely to mislead a reasonable consumer acting reasonably
19   under the circumstances"). Under the reasonable consumer standard, the plaintiff must "show that
20   members of the public are likely to be deceived." *Freeman*, 68 F.3d at 289. Reasonable
21   consumers should not be expected to "look beyond misleading representations on the front of the
22   box to discover the truth from the ingredient list in small print on the side of the box." *Williams v.*
23   *Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008). The reasonable consumer standard requires
24   a probability "that a significant portion of the general consuming public or of targeted consumers,
25   acting reasonably in the circumstances, could be misled." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965
26   (9th Cir. 2016) (internal quotation marks and citation omitted). "[W]hether a business practice is
27   deceptive will usually be a question of fact not appropriate for decision on [a motion to dismiss]."
28   *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (citing *Linear Technology Corp.*

7

*v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 134-35 (2007)).

Defendant's argument that a reasonable consumer would not have been mislead by the "NO ARTIFICIAL Flavors · Colors · Preservatives" label stretches the motion to dismiss standard too far. Courts in this District have found such a determination inappropriate on a motion to dismiss. *Ivie v. Kraft Foods Glob., Inc.*, No. C-12-02554-RMW, 2013 WL 685372, at *10 (N.D. Cal. Feb. 25, 2013) (finding "whether a reasonable consumer would have thus been misled by the 'no artificial sweeteners or preservatives' label" improper on a motion to dismiss); *Gitson v. Trader Joe's Co.*, No. 13-CV-01333-WHO, 2014 WL 1048640, at *4 (N.D. Cal. Mar. 14, 2014) (same). Accordingly, Defendant's motion to dismiss is also denied on this issue.

Second, Defendant argues that Plaintiffs' claims fail because "they do not plead any facts regarding their personal stake in any purported deception: their reliance on the labeling or how the purported mislabeling caused harm to them." ECF No. 14 at 21. In response, Plaintiffs cite to several allegations from the complaint that detail how Plaintiffs' claim reliance on the "NO ARTIFICIAL Flavors · Colors · Preservatives" label caused them harm. ECF No. 15 at 27.

"A plaintiff 'proceeding on a claim of misrepresentation as the basis of his or her UCL action must demonstrate actual reliance on the allegedly deceptive or misleading statements, in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions.'" *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 326–27 (2011) (citing *In re Tobacco II Cases*, 46 Cal. 4th 298, 306 (2009)). Similarly, a plaintiff "in a CLRA action [must] show not only that a defendant's conduct was deceptive but that the deception caused them harm." *Bower v. AT&T Mobility, LLC*, 196 Cal. App. 4th 1545, 1556 (2011) (cleaned up).

Here, Plaintiffs allege sufficient facts to demonstrate actual reliance and harm. For instance, Plaintiffs state:

> When purchasing the Products, Plaintiffs saw and relied on the "NO ARTIFICIAL Flavors · Colors · Preservatives" statement on the front of the packaging. Plaintiffs would not have purchased the Products, or would have paid less for the Products, had they known that the Products actually contain the artificial preservative Silicon Dioxide in direct contradiction to Defendant's "No Artificial Preservatives" promise.

ECF No. 1-1 ¶ 59. Plaintiffs also allege numerous other facts sufficient to support reliance and

harm. *See e.g. id.* ¶¶ 6, 20, 42-50, 51, 55-58, 59-60, 92. Defendant's motion to dismiss is denied on this issue.

### 2. Defendant's Arguments as to the Breach of Warranty Claim

Defendant argues that Plaintiffs' common law breach of warranty claim (the third cause of action) should be dismissed because Plaintiffs fail to allege which state's laws apply. ECF No. 24 at 13-14.

Defendant correctly notes that "due to variances among state laws, failure to allege which state law governs a common law claim is grounds for dismissal." *Romero v. Flowers Bakeries, LLC*, No. 14-CV-05189-BLF, 2016 WL 469370, at *12 (N.D. Cal. Feb. 8, 2016) (citing *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 781 F. Supp. 2d 955, 966 (N.D. Cal. 2011)). Defendant is correct; in order to evaluate whether a claim is adequately pled, a plaintiff must allege the applicable law. Defendant's motion to dismiss Plaintiffs' breach of express warranty claim is GRANTED with leave to amend to specifically identify which state's law applies.

### B. Lack of Personal Jurisdiction Under Rule 12(b)(2) as to the GBL Claims

Defendant asserts that this Court lacks personal jurisdiction over it as to New York resident Plaintiff Ambroisno's claims under the GBL. ECF No. 14 at 22-23. In its motion, Defendant argues that the Court lacks both specific and general personal jurisdiction over Continental Mills, a Washington corporation, in California. *Id.* at 22. Because Plaintiffs do not respond to this argument in their opposition, the Court considers it conceded. *Qureshi v. Countrywide Home Loans, Inc.*, No. C09-4198 SBA, 2010 WL 841669, *6 n.2 (N.D. Cal. Mar. 10, 2010) (finding that a failure to address arguments can lead to the abandonment of the undefended claims).

Instead, Plaintiffs request that this Court assert pendent personal jurisdiction over Plaintiff Ambroisno's claims because they share a common nucleus of facts with the California Plaintiffs' claims. ECF No. 15 at 29. Defendant asserts that pendent personal jurisdiction is improper. ECF No. 17 at 17.

Under the doctrine of "pendent personal jurisdiction," "a court may assert pendent personal jurisdiction over a defendant with respect to a claim for which there is no independent basis of

personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004). Yet "nearly every court considering the issue has concluded pendent party jurisdiction cannot be exercised by a federal court sitting in diversity." *Sloan v. Gen. Motors LLC*, No. 16-CV-07244-EMC, 2019 WL 6612221, at *9 (N.D. Cal. Dec. 5, 2019) (collecting cases, applying *Bristol-Myers*, and finding pendent personal jurisdiction does not apply to claims by nonresident class action plaintiffs); *see also King v. Bumble Trading, Inc.*, No. 18-CV-06868-NC, 2020 WL 663741, *6 (N.D. Cal. Feb. 11, 2020) (declining to exercise pendent personal jurisdiction under similar facts given the weight of authority); *La Fosse v. Sanderson Farms, Inc.*, No. 19-CV-06570-RS, 2020 WL 3617786, *4 (N.D. Cal. July 2, 2020).

Given the weight of authority in this District, the Court declines to exercise pendent personal jurisdiction over Plaintiff Ambroisno's claims. Defendant's motion to dismiss Plaintiff Ambroisno's claims pursuant to Rule 12(b)(2) is GRANTED with leave to amend.

C. **Request to Dismiss or Strike Under Rule 12(f)**

1. **Nationwide Class Action Claims**

Defendant requests dismissal or striking of Plaintiffs' "express warranty claim on behalf of a nationwide class." ECF No. 14 at 24. Because the Court dismisses Plaintiffs' express warranty claim with leave to amend, Defendant's motion is DENIED as to this issue, without prejudice.

2. **Prayer for Putative Damages**

Finally, Defendant requests that Plaintiffs' claim for punitive damages be dismissed or stricken. ECF No. 14 at 25. Plaintiffs assert that the complaint "does not reference punitive damages" but rather reserves the right to seek such relief later in the litigation. ECF No. 15 at 31. As such, the Court declines to address this issue at this time and DENIES without prejudice Defendant's motion to dismiss on this point. *Muldoon v. DePuy Orthopaedics, Inc.*, No. 15-CV-02723-PJH, 2024 WL 3522204, *15 (N.D. Cal. July 23, 2024).

\ \ \

\ \ \

## V. CONCLUSION

For the forgoing reasons, the Court rules as follows:

- Defendant's motion to dismiss Plaintiffs' complaint in full for failing to state a claim is DENIED;
- Defendant's motion to dismiss Plaintiffs' breach of express warranty claim is GRANTED with leave to amend to identify which state's law applies;
- Defendant's motion to dismiss Plaintiff Ambroisno's claims pursuant to Rule 12(b)(2) is GRANTED with leave to amend;
- Defendant's request to dismiss or strike Plaintiffs' express warranty claim on behalf of a nationwide class is DENIED without prejudice; and
- Defendant's request to dismiss or strike Plaintiffs' claim for punitive damages is DENIED without prejudice.

Should Plaintiffs elect to file a second amended complaint, Plaintiffs shall do so within 21 days of this order, or by December 12, 2025. Defendant's response to the complaint shall be due by January 2, 2025.

**IT IS SO ORDERED.**

Dated: November 25, 2025

Noël Wise
United States District Judge