JACOB M. HARPER (State Bar No. 259463)
  jharper@dwt.com
HEATHER F. CANNER (State Bar No. 292837)
  heathercanner@dwt.com
DANIEL H. LEIGH (State Bar No. 310673)
  danielleigh@dwt.com
BRANDON M. STOFFERS (State Bar No. 334895)
  brandonstoffers@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendant Continental Mills, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARLIE LYSKOSKI, KENDALL HILL, MICHELE TUCKER, AND TAYLOR AMBROISNO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CONTINENTAL MILLS, INC.,<br><br>Defendant. | Case No. 2:25-CV-06291-NW<br><br>**DEFENDANT CONTINENTAL MILLS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT** |

## ANSWER

Defendant Continental Mills, Inc. (Continental Mills) hereby answers Plaintiffs' Complaint as follows. Unless specifically admitted, all allegations of the Complaint are denied.

## INTRODUCTION

1.      Paragraph 1 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills admits Plaintiffs purport to bring a putative class action and purport to assert claims under the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* (CLRA), and Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (UCL), and further purport to assert claims for breach of express warranty and under New York General Business Laws §§ 349 and 350.  Continental Mills notes that the Court dismissed Plaintiffs' New York General Business Laws §§ 349 and 350 and express warranty claims. Except as expressly stated, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and on that basis denies them.

2.      Continental Mills admits that it makes available Krusteaz® Cinnamon Swirl Crumb Cake & Muffin Mix in gluten free and regular varieties.  Paragraph 2 purports to characterize labels whose complete content and context speak for themselves.  Except as expressly stated, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and on that basis denies them.

3.      Continental Mills denies the allegations in Paragraph 3.

4.      Continental Mills denies the allegations in Paragraph 4.

5.      Continental Mills denies the allegations in Paragraph 5.

6.      Continental Mills denies the allegations in Paragraph 6.

7.      Continental Mills denies the allegations in Paragraph 7.

## JURISDICTION AND VENUE

8.      Paragraph 8 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 8.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFNESES
Case No. 2:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

9.    Paragraph 9 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and on that basis denies them.

10.    Paragraph 10 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and on that basis denies them.

11.    Paragraph 11 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and on that basis denies them.

12.    Paragraph 12 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and on that basis denies them.

## PARTIES

13.    Continental Mills admits that it is a corporation organized under the laws of Washington and that its principal place of business is in Washington.  Continental Mills admits that it makes available Krusteaz® Cinnamon Swirl Crumb Cake & Muffin Mix in gluten free and regular varieties.  Except as expressly admitted, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis denies them.

14.    Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and on that basis denies them.

15.    Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and on that basis denies them.

16.    Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and on that basis denies them.

17.    Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and on that basis denies them.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFNESES
Case No. 2:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

18.     Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and on that basis denies them.

19.     Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and on that basis denies them.

## ADDITIONAL FACTUAL ALLEGATIONS

20.     Continental Mills denies the allegations in Paragraph 20.

21.     Paragraph 21 and its footnotes purport to characterize multiple publications. Rather than respond to Plaintiffs' characterization of the publications, Continental Mills refers to the complete texts, which speak for themselves. Except as expressly stated, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and its footnotes and on that basis denies them.

22.     Paragraph 22 and its footnote purport to characterize multiple publications. Rather than respond to Plaintiffs' characterization of the publications, Continental Mills refers to the complete texts, which speak for themselves. Except as expressly stated, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and its footnotes and on that basis denies them.

23.     Paragraph 23 and its footnote purport to characterize multiple publications. Rather than respond to Plaintiffs' characterization of the publications, Continental Mills refers to the complete texts, which speak for themselves. Except as expressly stated, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and its footnotes and on that basis denies them.

24.     Continental Mills denies the allegations in Paragraph 24.

## THE SILICON DIOXIDE IN THE PRODUCT IS ARTIFICIAL

25.     Paragraph 25 and its footnotes purport to characterize and quote multiple dictionary definitions. Rather than respond to Plaintiffs' characterizations and quotations, Continental Mills refers to the complete texts, which speak for themselves. Except as expressly stated, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and its footnotes and on that basis denies them.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

26.     Paragraph 26 and its footnote purport to characterize a publication.  Rather than respond to Plaintiffs' characterization of the publication, Continental Mills refers to the complete text, which speaks for itself.  Except as expressly stated, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and its footnote and on that basis denies them.

27.     Continental Mills denies the allegations in Paragraph 27.

28.     Paragraph 28 and its footnotes purport to characterize a publication.  Rather than respond to Plaintiffs' characterization of the publication, Continental Mills refers to the complete text, which speaks for itself.  Except as expressly stated, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and its footnotes and on that basis denies them.

29.     Paragraph 29 and its footnote purport to characterize a publication.  Rather than respond to Plaintiffs' characterization of the publication, Continental Mills refers to the complete text, which speaks for itself.  Except as expressly stated, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and its footnote and on that basis denies them.

30.     Paragraph 30 and its footnotes purport to characterize multiple publications.  Rather than respond to Plaintiffs' characterization of the publications, Continental Mills refers to the complete texts, which speak for themselves.  Except as expressly stated, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and its footnotes and on that basis denies them.

31.     Paragraph 31 and its footnote purport to characterize a publication.  Rather than respond to Plaintiffs' characterization of the publication, Continental Mills refers to the complete text, which speaks for itself.  Except as expressly stated, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and its footnote and on that basis denies them.

32.     Paragraph 32 and its footnotes purport to characterize a publication.  Rather than respond to Plaintiffs' characterization of the publication, Continental Mills refers to the complete

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFNESES
Case No. 2:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

text, which speaks for itself.  Except as expressly stated, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and its footnotes and on that basis denies them.

33.    Paragraph 33 purports to quote 21 C.F.R. § 172.480.  Rather than respond to Plaintiffs' characterization of the regulation, Continental Mills refers to the complete text, which speaks for itself.  Except as expressly stated, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and on that basis denies them.

34.    Paragraph 34 and its footnote purport to characterize a publication.  Rather than respond to Plaintiffs' characterization of the publication, Continental Mills refers to the complete text, which speaks for itself.  Except as expressly stated, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and its footnote and on that basis denies them.

35.    Paragraph 35 and its footnotes purport to characterize multiple publications.  Rather than respond to Plaintiffs' characterization of the publications, Continental Mills refers to the complete texts, which speak for themselves.  Except as expressly stated, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and its footnotes and on that basis denies them.

36.    Paragraph 36 and its footnote purport to characterize a publication.  Rather than respond to Plaintiffs' characterization of the publication, Continental Mills refers to the complete text, which speaks for itself.  Except as expressly stated, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and its footnote and on that basis denies them.

37.    Paragraph 37 and its footnote purport to characterize a publication.  Rather than respond to Plaintiffs' characterization of the publication, Continental Mills refers to the complete text, which speaks for itself.  Except as expressly stated, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and its footnote and on that basis denies them.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFNESES
Case No. 2:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

38.     Paragraph 38 and its footnotes purport to characterize a publication. Rather than respond to Plaintiffs' characterization of the publication, Continental Mills refers to the complete text, which speaks for itself. Except as expressly stated, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and its footnotes and on that basis denies them.

39.     Continental Mills denies the allegations in Paragraph 39.

40.     Paragraph 40 contains legal conclusions to which no response is required. To the extent a response is required, Continental Mills denies the allegations in Paragraph 40.

41.     Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is required, Continental Mills denies the allegations in Paragraph 41.

**THE SILICONE DIOXIDE IN THE PRODUCTS FUNCTIONS AS A PRESERVATIVE**

42.     Paragraph 42 purports to quote 21 C.F.R. § 101.22(a)(5). Rather than respond to Plaintiffs' characterization of the regulation, Continental Mills refers to the complete text, which speaks for itself. Except as expressly stated, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 42 and on that basis denies them.

43.     Paragraph 43 and its footnote purport to characterize a publication. Rather than respond to Plaintiffs' characterization of the publication, Continental Mills refers to the complete text, which speaks for itself. Except as expressly stated, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and its footnote and on that basis denies them.

44.     Paragraph 44 and its footnotes purport to characterize multiple publications. Rather than respond to Plaintiffs' characterization of the publications, Continental Mills refers to the complete texts, which speak for themselves. Except as expressly stated, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and its footnotes and on that basis denies them.

45.     Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and on that basis denies them.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

46.     Paragraph 46 purports to quote and characterize 21 C.F.R. § 101.22(a)(5) and a dictionary definition.  Rather than respond to Plaintiffs' characterization of those materials, Continental Mills refers to the complete texts, which speak for themselves.  Except as expressly stated, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and on that basis denies them.

47.     Paragraph 47 and its footnote purport to characterize a publication.  Rather than respond to Plaintiffs' characterization of the publication, Continental Mills refers to the complete text, which speaks for itself.  Except as expressly stated, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and its footnote and on that basis denies them.

48.     Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and on that basis denies them.

49.     Paragraph 49 and its footnote purport to characterize a publication.  Rather than respond to Plaintiffs' characterization of the publication, Continental Mills refers to the complete text, which speaks for itself.  Except as expressly stated, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and its footnote and on that basis denies them.

50.     Paragraph 50 purports to quote and characterize 21 C.F.R. § 101.22(a)(5) and a dictionary definition.  Rather than respond to Plaintiffs' characterization of those materials, Continental Mills refers to the complete texts, which speak for themselves.  Except as expressly stated, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 50 and on that basis denies them.

51.     Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and on that basis denies them.

### REASONABLE CONSUMERS ARE DECEIVED BY DEFENDANT'S FALSE LABELING STATEMENT AND SUFFERED ECONOMIC INJURY

52.     Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and on that basis denies them.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFNESES
Case No. 2:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

53.     Paragraph 53 and its footnote purport to characterize a publication.  Rather than respond to Plaintiffs' characterization of the publication, Continental Mills refers to the complete text, which speaks for itself.  Except as expressly stated, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and its footnote and on that basis denies them.

54.     Paragraph 54 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 54.

**PLAINTIFFS' PURCHASES OF THE PRODUCTS**

55.     Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and on that basis denies them.

56.     Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and on that basis denies them.

57.     Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and on that basis denies them.

58.     Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and on that basis denies them.

59.     Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and on that basis denies them.

60.     Paragraph 60 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 60.

61.     Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and on that basis denies them.

62.     Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and on that basis denies them.

**NO ADEQUATE REMEDY AT LAW**

63.     Paragraph 63 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 63.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFNESES
Case No. 2:25-cv-06291-NW

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

64.    Paragraph 64 contains legal conclusions to which no response is required. To the extent a response is required, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and on that basis denies them.

65.    Paragraph 65 contains legal conclusions to which no response is required. To the extent a response is required, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and on that basis denies them.

66.    Paragraph 66 contains legal conclusions to which no response is required. To the extent a response is required, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and on that basis denies them.

67.    Paragraph 67 contains legal conclusions to which no response is required. To the extent a response is required, Continental Mills denies the allegations in Paragraph 67.

68.    Paragraph 68 contains legal conclusions to which no response is required. To the extent a response is required, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and on that basis denies them.

69.    Paragraph 69 contains legal conclusions to which no response is required. To the extent a response is required, Continental Mills denies the allegations in Paragraph 69.

70.    Paragraph 70 contains legal conclusions to which no response is required. To the extent a response is required, Continental Mills denies the allegations in Paragraph 70.

71.    Paragraph 71 contains legal conclusions to which no response is required. To the extent a response is required, Continental Mills denies the allegations in Paragraph 71.

72.    Paragraph 72 contains legal conclusions to which no response is required. To the extent a response is required, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and on that basis denies them.

73.    Paragraph 73 contains legal conclusions to which no response is required. To the extent a response is required, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and on that basis denies them.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
Case No. 2:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## CLASS ACTION ALLEGATIONS

74.     Continental Mills admits that Plaintiffs attempt to state a putative class action but denies that any class is proper in this case.  Except as expressly admitted, Continental Mills denies the allegations in Paragraph 74.

75.     Continental Mills admits that Plaintiffs attempt to state a putative class action and that Plaintiffs purport to exclude certain individuals from the putative class but denies that any class is proper in this case.  Except as expressly admitted, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and on that basis denies them.

76.     Paragraph 76 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, and on that basis denies them.

77.     Paragraph 77 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 77.

78.     Paragraph 78 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and on that basis denies them.

79.     Paragraph 79 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 79, including each of the subparts (a)–(e).

80.     Paragraph 80 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 80.

81.     Paragraph 81 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, and on that basis denies them.

82.     Paragraph 82 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 82, including each of the subparts (a)–(h).

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
Case No. 2:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

83.    Paragraph 83 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 83.

84.    Paragraph 84 contains legal conclusions to no response is required.  To the extent a response is required, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and on that basis denies them.

85.    Paragraph 85 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 85.

### FIRST CLAIM FOR RELIEF

Violation of California's Consumers Legal Remedies Act

Cal. Civ. Code §§ 1750, *et seq.*

86.    In response to Paragraph 86, Continental Mills incorporates by reference its responses to the preceding paragraphs.

87.    Continental Mills admits that Plaintiffs purport to bring claims under the CLRA and that Plaintiffs purport to allege a putative class.  Except as expressly admitted, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87, and on that basis denies them.

88.    Paragraph 88 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and on that basis denies them.

89.    Paragraph 89 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills admits that it is a corporation.  Except as expressly admitted, Continental Mills denies the allegations in Paragraph 89.

90.    Paragraph 90 contains legal conclusions to which no response is required.  To the extent a response is required, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and on that basis denies them.

91.    Paragraph 91 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, and on that basis denies them.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

92.     Paragraph 92 contains legal conclusions to which no response is required. To the extent a response is required, Continental Mills denies the allegations in Paragraph 92, including its subparts (a)–(d).

93.     Paragraph 93 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 93.

94.     Paragraph 94 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 94.

95.     Paragraph 95 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 95.

96.     Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and on that basis denies them.

97.     Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and on that basis denies them.

98.     Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and on that basis denies them.

## SECOND CLAIM FOR RELIEF

Violation of California's Unfair Competition Law

Cal. Bus. & Prof. Code §§ 17200, *et seq.*

99.     In response to Paragraph 99, Continental Mills incorporates by reference its responses to the preceding paragraphs.

100.     Continental Mills admits that Plaintiffs purport to bring claims under the UCL and that Plaintiffs purport to allege a putative class.  Except as expressly admitted, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and on that basis denies them.

101.     Paragraph 101 purports to quote and characterize the UCL.  Rather than respond to Plaintiffs' characterization of the statute, Continental Mills refers to the complete text, which speaks for itself.  Except as expressly stated, Continental Mills denies the allegations in Paragraph 101.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFNESES
Case No. 2:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax:(213) 633-6899

102.    Paragraph 102 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 102.

103.    Paragraph 103 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 103.

104.    Paragraph 104 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 104.

105.    Paragraph 105 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 105.

106.    Paragraph 106 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 106.

107.    Paragraph 107 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 107.

108.    Paragraph 108 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 108.

109.    Paragraph 109 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 109.

110.    Paragraph 110 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 110.

111.    Paragraph 111 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 111.

112.    Paragraph 112 contains legal conclusions to which no response is required.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 112.

## **THIRD CLAIM FOR RELIEF**

### Breach of Express Warranty

113.    In response to Paragraph 113, Continental Mills incorporates by reference its responses to the preceding paragraphs.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFNESES
Case No. 2:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

114.    The Court has dismissed Plaintiffs' breach of express warranty claim.  To the extent a response is required, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and on that basis denies them.

115.    The Court has dismissed Plaintiffs' breach of express warranty claim.  To the extent a response is required, Continental Mills admits that it makes available Krusteaz® Cinamon Swirl Crumb Cake & Muffin Mix.  Except as expressly admitted, Continental Mills denies the allegations in Paragraph 115.

116.    The Court has dismissed Plaintiffs' breach of express warranty claim.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 116.

117.    The Court has dismissed Plaintiffs' breach of express warranty claim.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 117.

118.    The Court has dismissed Plaintiffs' breach of express warranty claim.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 118.

119.    The Court has dismissed Plaintiffs' breach of express warranty claim.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 119.

120.    The Court has dismissed Plaintiffs' breach of express warranty claim.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 120.

121.    The Court has dismissed Plaintiffs' breach of express warranty claim.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 121.

## <u>FOURTH CLAIM FOR RELEIF</u>

Violations of New York General Business Law § 349

122.    The Court has dismissed Plaintiff Taylor Ambroisno's New York General Business Law § 349 claim.  To the extent a response is required, Continental Mills incorporates by reference its responses to the preceding paragraphs.

123.    The Court has dismissed Plaintiff Taylor Ambroisno's New York General Business Law § 349 claim.  To the extent a response is required, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 and on that basis denies them.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

124.    The Court has dismissed Plaintiff Taylor Ambroisno's New York General Business Law § 349 claim.  To the extent a response is required, Paragraph 124 purports to quote and characterize New York General Business Law § 349.  Rather than respond to Plaintiffs' characterization of the statute, Continental Mills refers to the complete text, which speaks for itself.  Except as expressly stated, Continental Mills denies the allegations in Paragraph 124.

125.    The Court has dismissed Plaintiff Taylor Ambroisno's New York General Business Law § 349 claim.  To the extent a response is required, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 and on that basis denies them.

126.    The Court has dismissed Plaintiff Taylor Ambroisno's New York General Business Law § 349 claim.  To the extent a response is required, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 and on that basis denies them.

127.    The Court has dismissed Plaintiff Taylor Ambroisno's New York General Business Law § 349 claim.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 127.

128.    The Court has dismissed Plaintiff Taylor Ambroisno's New York General Business Law § 349 claim.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 128.

129.    The Court has dismissed Plaintiff Taylor Ambroisno's New York General Business Law § 349 claim.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 129.

130.    The Court has dismissed Plaintiff Taylor Ambroisno's New York General Business Law § 349 claim.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 130.

131.    The Court has dismissed Plaintiff Taylor Ambroisno's New York General Business Law § 349 claim.  To the extent a response is required, Continental Mills lacks

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and on that basis denies them.

## FIFTH CLAIM FOR RELIEF

### Violations of New York General Business Law § 350

132.    The Court has dismissed Plaintiff Taylor Ambroisno's New York General Business Law § 350 claim.  To the extent a response is required, Continental Mills incorporates by reference its responses to the preceding paragraphs.

133.    The Court has dismissed Plaintiff Taylor Ambroisno's New York General Business Law § 350 claim.  To the extent a response is required, Continental Mills lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and on that basis denies them.

134.    The Court has dismissed Plaintiff Taylor Ambroisno's New York General Business Law § 350 claim.  To the extent Continental Mills has to answer, Paragraph 134 purports to quote and characterize New York General Business Law § 350.  Rather than respond to Plaintiffs' characterization of the statute, Continental Mills refers to the complete text, which speaks for itself.  Except as expressly stated, Continental Mills denies the allegations in Paragraph 134.

135.    The Court has dismissed Plaintiff Taylor Ambroisno's New York General Business Law § 350 claim.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 135.

136.    The Court has dismissed Plaintiff Taylor Ambroisno's New York General Business Law § 350 claim.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 136.

137.    The Court has dismissed Plaintiff Taylor Ambroisno's New York General Business Law § 350 claim.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 137.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
Case No. 2:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

138.   The Court has dismissed Plaintiff Taylor Ambroisno's New York General Business Law § 350 claim. To the extent a response is required, Continental Mills denies the allegations in Paragraph 138.

139.   The Court has dismissed Plaintiff Taylor Ambroisno's New York General Business Law § 350 claim.  To the extent a response is required, Continental Mills denies the allegations in Paragraph 139.

### REQUEST FOR RELIEF

Plaintiffs' request for relief is not an allegation.  To the extent a response is required, Continental Mills denies that Plaintiffs are entitled to the any relief, including the requested relief, and denies the purported allegations in Plaintiffs' request for relief, including each of the subparts (a)–(g).

### AFFIRMATIVE DEFENSES

Continental Mills denies any and all allegations not specifically admitted and alleges the following separate and additional defenses as to each and every cause of action in the Complaint. By alleging these separate and additional defenses, Continental Mills is not in any way conceding that it bears the burden of proof or persuasion on any of these issues.  Continental Mills reserves the right to supplement, amend, or modify these separate and additional defenses, as appropriate, based on information obtained during the course of this litigation.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiffs' claims, in whole or in part, are barred because the Complaint fails to state facts sufficient to constitute any cause of action against Continental Mills.

### SECOND AFFIRMATIVE DEFENSE

### (No Misrepresentation)

Plaintiffs' and/or the class members' claims fail, in whole or in part, because Plaintiffs and/or the class members cannot identify any actionable misrepresentation by Continental Mills regarding Krusteaz® Cinnamon Swirl Crumb Cake & Muffin Mix.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFNESES
Case No. 2:25-cv-06291-NW

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

### THIRD AFFIRMATIVE DEFENSE

**(Conduct Not Fraudulent Nor Likely to Deceive a Reasonable Consumer)**

Plaintiffs' and/or the class members' claims are barred, in whole or in part, because Continental Mills' alleged statements and/or conduct were not false, misleading, or likely to deceive a reasonable consumer acting reasonably under the circumstances.

### FOURTH AFFIRMATIVE DEFENSE

**(Justifiable Reliance)**

Plaintiffs' and/or the class members' claims are barred, in whole or in part, because Plaintiffs and/or the class members could not have justifiably relied on the purported misrepresentations alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

**(Preemption)**

Plaintiffs' and/or the class members' claims are barred, in whole or in part, by the doctrine of preemption.

### SIXTH AFFIRMATIVE DEFENSE

**(Standing)**

Plaintiffs' and/or the class members' claims fail, in whole or in part, because Plaintiffs and/or the class members lack standing to pursue their claims, including but not limited to those claims for "injunctive relief" or for products Plaintiffs and/or the class members did not purchase.

### SEVENTH AFFIRMATIVE DEFENSE

**(Conformance with Laws)**

Plaintiffs' and/or the class members' claims fail, in whole or in part, because Continental Mills conformed to all applicable laws, regulations, and industry standards based upon the state of knowledge existing at the time of the alleged actions on its part.

### EIGHTH AFFIRMATIVE DEFENSE

**(Good Faith)**

Plaintiffs' and/or the class members' claims fail, in whole or in part, because the acts or omissions of Continental Mills at all relevant times were in good faith, in the exercise of its

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1  reasonable business judgment, for good cause, and for legitimate business purposes and/or
2  necessity.

## NINTH AFFIRMATIVE DEFENSE

### (No Damages)

Plaintiffs' and/or the class members' claims are barred, in whole or in part, because Plaintiffs and/or the class members have incurred no damages.

## TENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiffs' and/or the class members' claims are barred, in whole or in part, because Plaintiffs and/or the class members would be unjustly enriched if permitted to recover on the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Economic Loss Doctrine)

Plaintiffs' and/or the class members' claims are barred, in whole or in part, based on the economic loss doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

### (Benefit of Bargain)

Plaintiffs' and/or the class members' claims for monetary relief are barred because Plaintiffs and/or the class members have already received the benefit of their bargain and neither law nor equity may be invoked to obtain a windfall.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Intent)

Plaintiffs' and/or the class members' claims based on alleged willful misrepresentations are barred because such representations were not intended to mislead or deceive consumers.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Third Parties)

Plaintiffs' and/or the class members' purported harm was caused by third parties and factors outside Continental Mills's control for which Continental Mills is not responsible.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
Case No. 2:25-cv-06291-NW

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Contribution)

Third parties owe contribution for those damages Plaintiffs and/or the class members allege to have suffered.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Indemnification)

Third parties are responsible to tender the defense on Plaintiffs' and/or the class members' claims, counts, and causes of action set forth in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Causation)

Plaintiffs' and/or the class members' purported harm was not caused by Continental Mills or its products or acts.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Materiality)

Plaintiffs' and/or the class members' claims based on alleged misrepresentations are barred because such representations were not material insofar they are not likely to affect consumers' purchasing decisions.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' and/or the class members' claims are barred, in whole or in part, by the doctrine of laches based on the prejudicial delay in asserting her claims.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' and/or the class members' claims are barred, in whole or in part, by the doctrine of unclean hands.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
Case No. 2:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Waiver/Consent/Release)

Plaintiffs' and/or the class members' claims are barred, in whole or in part, by waiver, consent, and/or release.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiffs' and/or the class members' claims are barred, in whole or in part, by the doctrine of estoppel.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Remedies at Law)

Plaintiffs and/or the class members are not entitled to equitable relief because, among other things, Plaintiffs and/or the class members have adequate remedies at law and/or the equitable relief is neither necessary nor proper.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Right to Injunctive Relief)

Plaintiffs and/or the class members are not entitled to injunctive relief because, among other things, the hardship that would be imposed on Continental Mills by any such relief would be greatly disproportionate to any hardship that Plaintiffs and/or the class members might suffer in its absence; any injunctive relief that would require regulation by the Court on an ongoing basis is inappropriate; and Continental Mills's advertising and marketing activities are already monitored by federal and state agencies.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Uncertain/Unmanageable Damages)

Plaintiffs and/or the class members are not entitled to monetary relief because, among other things, such relief is too speculative, remote, and/or impossible to prove and/or allocate.

22

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

While Continental Mills denies that Plaintiffs and/or the class members have been damaged in any way, if it should be determined that Plaintiffs and/or the class members have suffered legally recognizable damages, such damages must be reduced or denied in their entirety to the extent that Plaintiffs has failed to take reasonable action to mitigate or minimize Plaintiffs and/or the class members' alleged damages, including but not limited to following through with Plaintiffs and/or the class members' refund efforts before filing suit.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Bona Fide Error)**

Plaintiffs' and the class members' claims fail, in whole or in part, because the alleged misconduct, if any, resulted from bona fide error.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Safe Harbor)**

Plaintiffs' and the class members' claims fail, in whole or in part, because they are barred by the safe harbor doctrine, due to Continental Mills's compliance with state and federal law authorizing the complained of conduct or omissions.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiffs' and the class members' claims are barred, in whole or in part, by the applicable statutes of limitation and/or repose.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Set Off)**

While Continental Mills denies that Plaintiffs have been damaged in any way, if it should be determined that Plaintiffs have suffered legally recognizable damages, such damages are subject to set off and recoupment.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
Case No. 2:25-cv-06291-NW

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1

### THIRTY-FIRST AFFIRMATIVE DEFENSE

2

#### (Justification/Excuse)

3

Continental Mills's alleged actions, at all relevant times and places, were necessary to the

4

competitive operation of its business, and Plaintiffs' alleged injury, if any, is outweighed by the

5

benefit to the public of Continental Mills's actions.

6

### THIRTY-SECOND AFFIRMATIVE DEFENSE

7

#### (No Entitlement to Attorneys' Fees)

8

Plaintiffs and class members fail to state a claim for attorneys' fees or set forth facts

9

sufficient to support such a claim.

10

### THIRTY-THIRD AFFIRMATIVE DEFENSE

11

#### (Individual Arbitration Agreement)

12

Discovery may reveal that Plaintiffs entered into an arbitration agreement with Continental

13

Mills, under which Plaintiffs agreed that individual arbitration is the exclusive forum for their

14

claims.  Such agreement therefore would preclude Plaintiffs from bringing any claims on behalf

15

of a class and would deprive this Court of jurisdiction to resolve the claims, as only an arbitrator

16

has jurisdiction to resolve the claims (and the arbitrability of the claims) and on an individual

17

basis.

18

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

19

#### (Reservation of Rights)

20

Continental Mills expressly reserves the right to raise additional affirmative defenses at

21

trial as such facts supporting any such affirmative defenses may become known to it during the

22

pendency of this action.

23

24

### REQUEST FOR RELIEF

25

THEREFORE, Continental Mills requests judgment as follows:

26

1.    That Plaintiffs and class members take nothing by reason of the Complaint;

27

2.    That judgment be entered in favor of Continental Mills;

28

3.    That Continental Mills be awarded its costs of suit incurred in defense of this

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFNESES
Case No. 2:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

action, including reasonable attorneys' fees to the extent permissible by law; and

4.      For such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Continental Mills demands a trial by jury of all issues so triable.

Dated:  January 2, 2026                    DAVIS WRIGHT TREMAINE LLP
                                           By: _/s/ Jacob M. Harper_____
                                               Jacob M. Harper
                                           *Attorneys for Defendant Continental Mills, Inc.*

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFNESES
Case No. 2:25-cv-06291-NW

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899