CRAIG W. STRAUB (State Bar No. 249032)
  craig@crosnerlegal.com
CROSNER LEGAL, P.C.
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637

*Attorneys for Plaintiffs Carlie Lyskoski,
Kendall Hill, and Michele Tucker*

JACOB M. HARPER (State Bar No. 259463)
  jharper@dwt.com
HEATHER F. CANNER (State Bar No. 292837)
  heathercanner@dwt.com
DANIEL H. LEIGH (State Bar No. 310673)
  danielleigh@dwt.com
BRANDON M. STOFFERS (State Bar No. 334895)
  brandonstoffers@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendant Continental Mills, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVION

| | |
|---|---|
| CARLIE LYSKOSKI, KENDALL HILL, and MICHELE TUCKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONTINENTAL MILLS, INC.,<br><br>Defendant. | Case No. 5:25-cv-06291-NW<br><br>PUTATIVE CLASS ACTION<br><br>**JOINT INITIAL CASE MANAGEMENT STATEMENT**<br><br>Date:  February 10, 2026<br>Time:  9:00 a.m.<br>Judge: Honorable Noël Wise<br>Place: Videoconference |

Plaintiffs Carlie Lyskoski, Kendall Hill, and Michele Tucker (collectively, "Plaintiffs") and Defendant Continental Mills, Inc. ("Continental" or "Defendant"), the parties to the above-titled action (together, the "Parties"), hereby submit this Joint Initial Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, Civil Local Rule 16-9, Federal Rule of Civil Procedure 26(f), and the Clerk's Notice Resetting Case Management Conference Deadlines, Dkt. 25.

Counsel for the Parties, namely, Daniel H. Leigh and Brandon M. Stoffers, on behalf of Continental, and Craig W. Straub, on behalf of Plaintiffs, met and conferred by videoconference on January 16, 2026, pursuant to Federal Rule of Civil Procedure 26(f).

1. **Jurisdiction & Service**

On July 25, 2025, Continental removed this action from the Superior Court of the State of California for the County of Santa Cruz and asserted that the action is removable under 28 U.S.C. § 1332(d)(2) because the proposed Classes consist of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists. *See* Dkt. 1. No issues exist regarding personal jurisdiction, subject to Continental's position that, following the Court's Order dismissing the New York General Business Law claims in this lawsuit, Dtk. 26, the only remaining causes of action are Plaintiffs' claims for alleged violations of (1) California's Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq*.) and (2) California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq*.), and Continental reserves its right to object on personal jurisdiction grounds should Plaintiffs amend the Complaint to add any other claims or putative class(es). No issues exist regarding venue or whether any parties remain to be served.

2. **Facts**

   (a)    **Plaintiffs' Statement**:

Continental manufactures, markets, and sells Krusteaz® Cinnamon Swirl Crumb Cake & Muffin Mix in both gluten-free and regular versions (the "Products"). The front label of the Products states "**NO ARTIFICIAL Flavors · Colors · Preservatives**." Plaintiffs allege that,

-1-                          Case No. 5:25-cv-06291-NW
JOINT INITIAL CASE MANAGEMENT STATEMENT

notwithstanding this representation, the Products contain silicon dioxide, an ingredient Plaintiffs contend is artificial and functions as a preservative.

Plaintiffs allege that reasonable consumers rely on the front-label representation when purchasing the Products, that the representation is material to purchasing decisions, and that consumers paid more for the Products than they otherwise would have absent the challenged labeling. Continental disputes Plaintiffs' characterization of silicon dioxide and denies that the labeling is misleading or caused consumer injury.

On June 3, 2025, Plaintiffs filed this putative class action, which was removed to this Court on July 25, 2025. On November 25, 2025, the Court denied Continental's motion to dismiss in part and granted it in part, leaving Plaintiffs' California consumer protection claims to proceed. See Dkt. 26.

(b)     **Continental's Statement**:

Continental denies the claims and liability, denies that Plaintiffs and/or putative class members have suffered any injury or damages or are entitled to any restitution or other remedies, and denies that class treatment is appropriate in this lawsuit. Continental anticipates that the principle factual issues in this lawsuit will include, without limitation: (1) whether the silicon dioxide in the Products is "artificial" or a "preservative"; (2) whether the "NO ARTIFICIAL . . . Preservatives" statement on the Products' label deceives reasonable consumers; (3) whether Plaintiffs, and/or any putative class members, relied on the Products' label during any alleged purchases; (4) whether the "NO ARTIFICIAL . . . Preservatives" statement on the Products' label caused Plaintiffs, and/or any putative class members, any injury or damages; and (5) whether facts exist justifying certification of the putative class pled in the Complaint.

**3. Legal Issues**

(a) **Plaintiffs' Statement**:

Plaintiffs assert claims under California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq*., and Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*., on behalf of a proposed California class of purchasers of the Products.

The principal legal issues in dispute include whether Continental's "No Artificial Flavors · Colors · Preservatives" labeling is misleading under the reasonable consumer standard; whether the alleged misrepresentation is material; whether Plaintiffs and the proposed class suffered economic injury as a result; and whether the requirements of Federal Rule of Civil Procedure 23 are satisfied for class certification.

Plaintiffs seek to represent a class consisting of California consumers who purchased the Products for personal use during the applicable limitations period

(b) **Continental's Statement:**

The principal legal issues in this action include, without limitation, whether: (1) Plaintiffs may maintain this action as a class action pursuant to Federal Rule of Civil Procedure 23; and (2) whether the "NO ARTIFICIAL . . . Preservatives" statement on the Products' label is (a) misleading to reasonable consumers, (b) material, and (c) caused Plaintiffs and/or any putative class members any injury or damages.

**4. Motions**

(a) **Plaintiffs' Statement:**

In response to the complaint, Continental filed a motion to dismiss on August 29, 2025. Dkt. 14. On November 25, 2025, the Court issued an Order denying and granting the motion in part. Dkt. 26. The Court denied the motion as to Plaintiffs' core mislabeling and consumer deception claims, holding that Plaintiffs adequately pleaded deception, reliance, and injury under the reasonable consumer standard. The Court granted the motion only on narrow, non-merits grounds as to the express warranty claim and the New York Plaintiffs' claims, with leave to amend. Plaintiffs did not amend, and Continental answered the complaint on January 2, 2026. *See* Dkt. 27.

Plaintiffs will file a motion for class certification and reserve the right to file a motion for summary judgment or partial summary judgment in accordance with the case schedule.

(b) **Continental's Statement:**

Continental anticipates it will oppose any motion for class certification and that it may move for summary judgment and/or summary adjudication.

**5. Amendment Of Pleadings**

The Court set a deadline for Plaintiffs to file a second amended complaint within 21 days of the Court's Order Denying and Granting Motion to Dismiss in Part, Dkt. 26, or by December 12, 2025. Plaintiffs have not amended the complaint. Plaintiffs reserve the right to move for leave to file an amended pleading consistent with the proposed schedule. Continental maintains that Plaintiffs may only amend their Complaint consistent with Federal Rule of Civil Procedure 15 and the Court's orders.

**6. Evidence Preservation**

Each of the Parties assert that they have reviewed this District's Guidelines Relating to the Discovery of Electronically Stored Information, and the Parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to comply with their obligations to preserve evidence relevant to the issues reasonably evident in this action.

**7. Disclosures**

The Parties have served or will serve their respective Rule 26(a)(1) initial disclosures on February 3, 2026, 14 days after the deadline to meet and confer under Federal Rule of Civil Procedure 26(f).

**8. Discovery**

No discovery has been taken to date. In addition to the service methods in Federal Rule of Civil Procedure 5, the Parties have agreed to accept service of discovery requests and responses and production of electronic documents via email or, where necessary, electronic file transfer or sharing. The Parties further agree to cooperate and work in good faith toward reaching an

agreement on a stipulated order regarding the preservation and production of electronically stored information ("ESI"), as well as a protective order governing the discovery and use of confidential information.

The Parties do not propose any limitations or modifications of the applicable discovery rules. The Parties have not identified any discovery disputes. The proposed discovery plan is set forth below in Section 17.

The Parties agree that formal bifurcation of discovery is not necessary, other than with respect to Continental's position below that expert discovery regarding class certification be completed prior to class certification briefing. Given the organization and maintenance of ESI, the Parties do not believe formally bifurcating other discovery will be the most efficient or the least burdensome procedure in this case. Instead, Plaintiffs are willing to work to prioritize the production of documents given the importance of specific subsets relative to the stage of litigation and the burden of production.

(a)     **Plaintiffs' Statement**:

Plaintiffs anticipate seeking discovery concerning Defendant's sales, pricing, and revenues for the Products; the development, content, and dissemination of the challenged labeling and advertising; the formulation, ingredients, and manufacturing of the Products; Defendant's marketing and promotional practices; consumer complaints or communications regarding the Products; and matters relevant to class certification, reliance, and damages. Plaintiffs may also seek expert discovery regarding consumer perception, the challenged representations, and damages. Plaintiffs note that discovery needs may be refined as the case progresses

Central merits discovery will focus on how silicon dioxide used in the Products is manufactured and functions within the food, including whether it is artificial or acts as a preservative, as well as how reasonable consumers perceive those characteristics.

(b)     **Continental's Statement**:

Continental requests expert discovery regarding class certification be completed prior to class certification briefing.  Otherwise, the proposed schedule does not provide sufficient time for

Continental to conduct expert discovery regarding class certification before it is required to oppose Plaintiffs' motion for class certification.

Continental anticipates seeking discovery regarding, without limitation, Plaintiffs and/or putative class members' purported purchases of the Products and purported reliance on the Products' label; Plaintiffs' and/or putative class members' preferences regarding artificial preservatives; all issues relevant to class certification pursuant to Federal Rule of Civil Procedure 23, including whether (a) there are questions of law or fact common to the class and whether common questions of law and fact predominate, (b) Plaintiffs' claims are typical of the class and (c) Plaintiffs will fairly and adequately protect the interests of the class; whether reasonable consumers would consider the silicon dioxide in the Products to be artificial or a preservative; and purported damages or injury to Plaintiffs or putative class members. Continental reserves the right to take discovery on additional topics as the case progresses.

**9. Class Actions**

The Parties request the Court enter the proposed schedule included in Section 17(a) below, including the dates connected with Plaintiffs' anticipated motion for class certification. Plaintiffs' and Continental's counsel have reviewed the Procedural Guidelines for Class Action Settlements.

**10. Related Cases**

The Parties are not aware of any related cases or proceedings pending before another judge of this court or before another court or administrative body.

**11. Relief**

(a) **Plaintiffs' Statement**

Plaintiffs seek all available relief, including monetary damages, restitution and disgorgement, injunctive relief, pre- and post-judgment interest, attorneys' fees, and costs. Plaintiffs seek damages on behalf of themselves and the putative class based on the amounts paid for the Products or, alternatively, the price premium attributable to the challenged labeling.

Plaintiffs anticipate that expert testimony will be required to calculate classwide damages, including economic measures addressing the value consumers place on the challenged

representations and the effect of those representations on consumer purchasing decisions in the marketplace. Plaintiffs reserve the right to refine their damages theories as discovery proceeds.

    (b)    **Continental's Statement**:

Continental denies Plaintiffs are entitled to any relief whatsoever, including the remedies listed in Plaintiffs' Statement. Continental does not currently seek any relief in this lawsuit but reserves the right to seek any relief that it is entitled to, including attorneys' fees and costs.

**12. Settlement and ADR**

After meeting and conferring, the Parties each filed an ADR Certification on January 20, 2026. Dkts. 20 & 21. The Parties do not believe that ADR would be productive at this stage of the case.

**13. Other References**

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation, however the Parties reserve their respective rights to seek to compel arbitration should discovery reveal this action can or must be arbitrated. The Parties do not consent to the jurisdiction of a magistrate judge, other than with respect to potential discovery disputes.

**14. Narrowing Of Issues**

The Parties are not presently unaware of any stipulations or agreements that could narrow the issues in this case.

**15. Expedited Trial Procedure**

The Parties do not believe this case is suitable for the Expedited Trial Procedure of General Order No. 64, Attachment A.

**16. Scheduling**

Acknowledging that the Court requires that "the parties must propose a full litigation schedule" (Standing Order at 3), the Parties propose the full litigation schedule below. While the Parties agree it is premature to schedule dates occurring after the Court rules on Plaintiffs' anticipated motion for class certification, as it would have a substantial impact on the time

necessary to complete any remaining non-expert and expert discovery and prepare for trial, the Parties propose such dates keyed off of the trial date.

*Proposed Schedule*

| Event | Date | Plaintiffs' Position | Continental's Position |
|---|---|---|---|
| Opening Expert Reports Regarding Class Certification | June 18, 2026 [50 days before deadline to file class certification motion] | Do Not Agree | Agree |
| Rebuttal Expert Reports Regarding Class Certification | July 16, 2026 [28 days after opening reports] | Do Not Agree | Agree |
| Close of Expert Discovery Regarding Class Certification | August 6, 2026 [21 days after rebuttal reports, and 1 day before deadline to file class certification motion] | Do Not Agree | Agree |
| Deadline to file Plaintiffs' Motion for Class Certification, including any expert reports upon which Plaintiffs rely in the motion | August 7, 2026 [~6 months following Initial CMC] | Agree | Agree |
| Deadline to file Defendant's Opposition to Class Certification, including any counter expert reports upon which Defendant relies in its motion | October 6, 2026 [60 days after filing motion] | Agree | Agree |
| Deadline to file Plaintiffs' Reply in Support of Class Certification, including any rebuttal expert reports upon which Plaintiffs rely in the motion | November 10, 2026 [45 days after filing opposition] | Agree | Agree |
| Hearing on Class Certification Motion | Wednesday, December 9, 2026, at 9:00 a.m. [~30 days after filing reply] | Agree | Agree |
| Close of Fact Discovery | February 26, 2027 [227 days before trial] | Agree | Agree |

| | | | |
|---|---|---|---|
| Opening Expert Reports (other than regarding class certification) | March 26, 2027 [199 days before trial] | Agree | Agree |
| Rebuttal Expert Reports (other than regarding class certification) | April 23, 2027 [171 days before trial] | Agree | Agree |
| Close of Expert Discovery (other than regarding class certification) | May 14, 2027 [150 days before trial] | Agree | Agree |
| Deadline to File Dispositive/*Daubert* Motions | June 4, 2027 [129 days before trial] | Agree | Agree |
| Last Day to Hear Dispositive/*Daubert* Motions | July 28, 2027 [75 days before trial] | Agree | Agree |
| Deadline to complete ADR | August 12, 2027 [60 days before trial] | Agree | Agree |
| Joint Pretrial Conference Statement | September 15, 2027 [26 days before trial] | Agree | Agree |
| Pretrial Conference | September 22, 2027 [19 days before trial] | Agree | Agree |
| Trial | October 11, 2027 [~20 months following Initial CMC] | Agree | Agree |

**17. Trial**

Plaintiffs demand a jury trial and estimates approximately five days for trial.

**18. Disclosure Of Non-Party Interested Entities Or Persons**

Plaintiffs are not aware of any non-party interested entities or persons, other than putative class members.

Continental filed its "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15 on July 25, 2025. *See* Dkt. 4. As required by the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, Continental restates the content of that certification here: "Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, there is no conflict or interest (other than the named parties) to report."

**19. Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional

Conduct for the Northern District of California.

**20. Other**

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Respectfully submitted,

Dated: January 26, 2026

CROSNER LEGAL, P.C.

By: */s/ Craig W. Straub*
CRAIG W. STRAUB (State Bar No. 249032)
  craig@crosnerlegal.com
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637

*Attorneys for Plaintiffs Carlie Lyskoski,
Kendall Hill, and Michele Tucker*

Dated: January 26, 2026

DAVIS WRIGHT TREMAINE LLP

By: */s/ Jacob M. Harper*
JACOB M. HARPER (State Bar No. 259463)
  jharper@dwt.com
HEATHER F. CANNER (State Bar No. 292837)
  heathercanner@dwt.com
DANIEL H. LEIGH (State Bar No. 310673)
  danielleigh@dwt.com
BRANDON M. STOFFERS (State Bar No. 334895)
  brandonstoffers@dwt.com

*Attorneys for Defendant Continental Mills, Inc.*